ANDREW SMITH, alias DOC. SMITH vs. THE STATE OF MARYLAND.

*Witness—Practice.*

In a trial for murder, a witness for the defence was asked on cross-examination this question : " State if you have ever been confined in Baltimore City jail?" The counsel for the prisoner objected, but the Court overruled the objection· and allowed the question. But the Court instructed the witness that she was not obliged to answer the question, and she thereupon refused to answer. On appeal from the action of the Court in allowing the question, it was HELD:

1st. That in notifying the witness that she was not obliged to answer, the Court was as liberal to her and to the accused as any recognized rule could require.

2nd. That there was no error in allowing the question to be put.

APPEAL from the Circuit Court for Howard County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, ROBINSON, IRVING, RITCHIE, and BRYAN, J.

*Edwin Linthicum, Sydney Hall,* and *Thomas C. Ruddell,* for the appellant.

*Jos. D. Maguire,* and *Charles B.᾿ Roberts, Attorney-General,* for the appellee.

IRVING, J., delivered the opinion of the Court.

Upon the trial of this appellant for murder, a witness for the defence was asked on cross-examination this question: " State if you have ever been confined in the Balti-

Smith *vs.* State.

more city jail?" The counsel for the prisoner objected, but the Court overruled the objection, and allowed the question; but the Court instructed the witness that she was not obliged to answer the question. The witness did refuse to answer, and the counsel for the defence excepted because the question was allowed to be put. Whether the Circuit Court was right in so ruling is the sole question for our decision.

The subject has been much discussed in the books, and many conflicting decisions have been made ; and many Judges have gone further than the Court did in this instance, and have required an answer unless it was made clearly to appear, that the answer would subject the party to danger of prosecution, or be a possible link in the evidence against him. The theory upon which such inquiry has been allowed is, that the credibility of a witness is always in issue, and therefore anything which will tend to throw light upon his character in that regard may always be inquired into. In *Cundell vs. Pratt,* 1 *Moody and Malkin,* 108, BEST, C. J., said he should always "protect witnesses from questions the answers to which would expose them to punishment; but if they were protected beyond this, from questions that tended to degrade them, many an innocent man would unjustly suffer." In *Real vs. The People,* 42 *N. Y.,* 270, the Court said their conclusion was "that a witness upon cross-examination may be asked whether he has been in jail, the penitentiary, or the State prison, or any other place that would tend to impair his credibility, and how much of his life he had passed in such places. When the inquiry is confined as to whether he has been convicted, and of what, a different rule may perhaps apply. This involves questions as to the jurisdiction and proceedings of a Court of which the witness may not be competent to speak." The Court added that this latter was the point involved in *Griswold vs. Newcomb,* 24 *N. Y.,* 298, which was relied on by the appellant here.

It is thus distinguished in principle and does not apply to this case. In *Real vs. The People* the Court said, "the extent of the cross-examination of this character is somewhat in the discretion of the Court, and must necessarily be so to prevent abuse." If this were not so, the whole range of a man's life might be traversed and the possibility of reformation and restoration to respectability, and credibility would be excluded. If the witness desires protection from an unwarrantably prejudicial inference from the fact inquired about he can explain; and even if it be a conviction in another State put in evidence to affect his credibility, he may explain the circumstances of that conviction. *Wharton Cr. Ev.*, sec. 474 and note, and secs. 489 and 596. In section 474 it is said "the tendency now is, if the question be given for the purpose of honestly discrediting, to require an answer." In the leading case of *Frost vs. Holloway*, cited by *Wharton* in sec. 474, Lord ELLENBOROUGH compelled an answer to a question whether the witness "had been confined in jail for theft." The only question before us is whether the question may be asked, and not whether answer may be compelled, and we have only referred to that case to show how much further some Courts have gone than was done in this case. There are two cases in 4 *Espinasse, N. P. C.*, which countenance the exclusion of the question. *Rex vs. Lewis*, 225, and *Macbride vs. Macbride*, 242; but they do not seem to have been much followed; and Mr. Phillips in the 1st vol. of his work on *Evidence*, pages 282 and 283, (4 *Am. Ed.* from 7*th Eng. Ed.*) says there are very many other cases wherein such questions have been allowed; and in the note on the pages cited, the cases of *Rex vs. Lewis*, and *Macbride vs. Macbride* are commented on, as being cases where the witness was protected from danger and unnecessary degradation only. Whether this was so or not the current of decision is the other way, and the same author says, "the common practice of Courts before

most approved Judges will abundantly furnish instances of such questions being asked, and not being disallowed as contrary to rules of law ; and it is difficult to see how such a question can be properly deemed illegal, when, if the witness chooses to answer, his answer must undoubtedly be received as evidence."

*Mr. Roscoe,* in his *Digest of Evidence at Nisi Prius,* (12*th English Edition*) 174, says the weight of authority allows such questions to be put, and adds, that " the preponderance of opinion is in favor of the position, that the Judge is to exercise his discretion whether he will grant the privilege (of declining to answer) upon the bare claim of the witness, or will investigate the claim by further inquiry." The witness is clearly entitled to protection, if asked for by him, and the Court thinks he is endangered or will be unnecessarily degraded. In *Greenleaf on Ev.* sec. 451 this view is maintained, and the same general view runs through all the text books. In notifying the witness in this case that she was not obliged to answer, the Court was as liberal to the witness and to the appellant as any recognized rule could require. There was certainly no error in allowing the question put.

*Rulings affirmed, and*
*cause remanded.*

(Decided 23rd June, 1885.)