PHILIP S. McLAUGHLIN, TRADING AS THE BALTIMORE TRANSFER COMPANY, *vs.* AUGUST C. MENCKE.

*Discrediting Witness.*

A witness may be asked on cross-examination, in order to impeach his credibility, whether he had ever been in jail, and why he had been sent there.

Where an exception is taken to a question asked of a witness on cross-examination to impeach his credibility, his testimony in chief should be set forth in the bill of exceptions, in order that the Appellate Court may determine whether the appellant was injured by the ruling of the trial Court.

Appeal from Baltimore City Court. This was an action by the appellee to recover damages for an injury alleged to have been caused by the negligence of the driver of defendant's wagon. The driver was offered as a witness by the defendant, and was asked on cross-examination whether he had been sent to jail under a charge or conviction, and for what offence. To the ruling of the Court (WRIGHT, J.), allowing these questions to be asked, the defendant excepted.

The cause was argued before BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE and ROBERTS, JJ.

*Leigh Bonsal* (with whom was *Edgar G. Miller, Jr.*, on the brief), for the appellant.

By the ruling of the Court below, irrelevant testimony was introdued which damaged the appellant's case before the jury, and the ruling was therefore erroneous. Irrelevant matters cannot be investigated on cross-examination for the purpose of discrediting the witness. 1 *Greenleaf on Evidence*, secs. 454, 455 ; *Goodhand v. Benton*, 6 G. & J. 484 ; *Kriete v. Meyer*, 61 Md. 569 ; *Lee v. Tinges*, 7 Md. 236 ; *Davis v. Calvert*, 5 G. & J. 304 ; *Sloan v. Edwards*, 61 Md. 105. So in *Shartzer v. State*, 63 Md. 150, on a trial for rape, it was held that the prosecutrix could not be asked whether she had previously had connection with a person other than the prisoner. The matter against witness must amount to an impeachment of character for truth. *Vernon v. Tucker*, 30 Md. 462. And therefore, in *Thomas v. Pile*, 3 H. & McH. 241, the fact that a female witness had kept company with negroes, was held irrelevant on the question of credibility. In *State v. Huff*, 11 Nevada, 19, (cited in §474, Wharton on Criminal Evidence), it was held that a witness could only be asked as to convictions that affect credit, and not as to one for assault and battery. So in §486 of Wharton : " It has been held inadmissible in order to attack veracity to prove the bad character of a female witness for chastity, or to show that she is a prostitute ; or to prove habits of intemperance which do not affect the perceptive or narrative powers." *Thayer v. Boyle*, 30 Me. 475; *Hoitt v. Moulton*, 21 N. H. 586." In *Clement v. Brooks*, 13 N. H., the Court adopting the section of Greenleaf quoted above, excluded the question : Have you ever lived in the State'sprison? In *Thayer v. Boyle*, 30 Me. 475, at page 481 : " The evidence offered fo the intemperate habits of one of the plaintiff's witnesses was properly excluded. Evidence of this kind has never been held competent here, where the impeachment of the character of a witness has been confined to his general reputation for truth." In *Hoitt v. Moulton*, 21 N. H. 586, at page 592 : " In attempting to impeach the character of a

witness for veracity, the inquiries must be confined solely to his general reputation for truth. \* \* \* Even the conviction of a crime is not admissible in evidence to impeach the credit of a witness." See also *Fisher* v. *Cresent Ins. Co.*, 33 Fed. Rep. 544; *Com.* v. *Gallagher*, 126 Mass. 54; *Com.* v. *Mason*, 105 Mass. 163; *Pooler* v. *Curtis*, 3 N. Y. S. C. 228; *Farley* v. *State*, 57 Ind. 331; *Brown* v. *People*, 15 N. Y. S. C. 562; *Hanners* v. *McClelland*, 37 N. W. Rep. 389.

In some States there are statutes providing that the conviction of a witness of a crime may be shown to affect his credibility. *Pub. Stats. Mass.* Ch. 169, sec. 19; *Iowa Code*, sec. 4898; *N. Y. Penal Code*, 714; *Ibid, Code Civil Prac.* 832; *Code California*, sec. 2051. In Maryland there is no statute on the subject.

The best evidence of a fact should always be produced. Therefore it was improper to prove a conviction by parol. 1 *Greenleaf on Evi.*, sec. 457; *Wharton on Criminal Evi.*, secs. 153, 474; *Doggett* v. *Simms*, 79 Ga. 253; *State* v. *Prater*, 26 South Carolina, 198; *Smith* v. *State*, 64 Md. 25; *Kerschner* v. *State*, 9 Wis. 145; *Commonwealth* v. *Gallagher*, 126 Mass. 54; *Farley* v. *State*, 57 Indiana, 331.

*S. S. Field* (with whom was *Samuel Regester* on the brief), for the appellee.

If the witness in question gave no material evidence, and the record does not show that he did, then the defendant was not injured by the action of the Court in allowing him to be discredited by the questions objected to. *County Comr's* v. *Gantt*, 78 Md. But the Court did not err in allowing the questions to be asked. *Smith* v. *State*, 64 Md. 25; *Roddy* v. *Finnegan*, 43 Md. 490; *State* v. *Wentworth*, 65 Me. 234, 502; *Commonwealth* v. *Shaw*, 4 Cushing, 595; 1 *Greenleaf Evi.*, sec. 451; *Reg* v. *Kinglake*, 22 L. T. N. S. 335; *Cloyes* v. *Thayer*, 3 Hill, 504; *People* v. *Brown*, 72 N. Y. 573.

Subject to a wise discretion in the trial court, which will

not permit the raking up of transactions long buried, a party has a right to ask on cross-examination and to have answered, for the purpose of discrediting the witness, whether the witness has not been in jail, penitentiary, &c., and for what. *State* v. *Taylor*, 24 S. W. Rep. 449 (Mo. Nov. 1893); *State* v. *Miller*, 100 Mo. 606; *Wilbur* v. *Flood*, 16 Mich. 41; *Clemens* v. *Conrad*, 19 Mich. 171; *Chamberlayne's Best on Evi.* (ed. 1893) 602; *Wharton Crim. Evi.* sec. 474; 1 *Thompson Trials*, sec. 467; *State* v. *O'Brien*, 81 Iowa, 93.

FOWLER, J., delivered the opinion of the Court.

The record in this case is very unsatisfactory, and does not properly, if at all, present the question which was argued, inasmuch as it does not appear whether the appellant was injured by the ruling complained of. The only exception taken by him, so far as the record discloses, is to certain questions addressed during cross-examination to the witness Jacob Lutz. These questions were asked for the purpose of discrediting the witness, and in answer to them he admitted that he had been tried and sentenced by a magistrate within a month preceding to serve a short term in jail for drunkenness. The only evidence set forth in the bill of exceptions is contained in an extract from the cross-examination of the witness. What his testimony in chief was we are not informed, and it is impossible to say whether it was relevant and material or not. If not, the appellant was not injured by the ruling of the Court. For aught we can see the testimony in chief may have been of no value whatever to the appellant, and its entire exclusion may have been beneficial rather than injurious to him. In order to justify a reversal, as we have often said, there should be a concurrence of error on the part of the Court and injury thereby resulting to the appellant, and this must be apparent from the record.

As the case was fully argued, we will briefly consider the

question which was intended to have been presented. We have seen there was no injury, and we think it is clear the Court below committed no error.

The appellant contends that by the ruling complained of irrelevant testimony was introduced on the cross-examination of his witness, which damaged his case before the jury ; and that even if the appellee had the right to show the witness had been convicted of drunkenness in order to discredit him, it was error not to produce the best evidence thereof, namely, the record of conviction. We think, however, that the case of *Smith* v. *State*, 64 Md. 25, fully disposes of any doubt as to the relevancy of the evidence brought out on cross-examination, and the propriety of the question by which it was elicited. The question in the case just cited was "State if you have ever been confined in the Baltimore City Jail." And the question here was, "Have you ever been in jail," which was followed by the question, "What were you sent there for." In *Smith* v. *State, supra*, we held that the theory upon which such inquiry has been allowed is that the credibility of a witness is always in issue, and therefore anything which will tend to throw light upon his character in that regard may always be inquired into. And we cited *Real* v. *The People*, 42 N. Y. 270, quoting the following language of the Court of Appeals of New York : "A witness upon cross-examination may be asked whether he has been in jail, the penitentiary or the state prison, or any other place that would tend to impair his credibility." The object of the question here asked was the same as that in *Smith* v. *State*, namely, to impair the credibility of the witness, and the question having been ruled proper in that case, it is equally so here.

But it is contended that conceding (and this concession is necessary since the ruling in *Smith* v. *State*), that even if the appellee had the right to show the witness had been convicted, it was error not to produce the best evidence thereof, viz., the record of conviction. While there is some conflict in the authorities, text books as well as reported

cases, upon this subject, we think the more reasonable and practical rule is that which does not demand the production of the record when the object, as here, is solely for the purpose of discrediting. In commenting upon this question, Mr. Thompson in his work on *Trials*, section 467, says " There is a confusion in the authorities as to whether a witness may be asked on cross-examination, whether he has been arrested, indicted or convicted upon a criminal charge. One of the difficulties grows out of the question whether such a matter can be proved by *secondary evidence* —even by the admission of the witness, who must of all men be certain of the fact if it existed. The strain about secondary evidence in such a case is a mere quibble, destitute of common sense." In *Clemens* v. *Conrad*, 19 Mich. 174, COOLEY, C. J., clearly lays down the rule and the reasons on which it is based: "The right to inquire of a witness on cross-examination whether he has not been indicted and convicted of a criminal offence, we regard as settled in this State by the case of *Wallace & Flood*, 16 Mich. 90. It is true that in that case the question was whether the witness had been confined in the State prison, not whether he had been convicted ; but confinement in prison presupposes a conviction by authority of law, and to justify the one inquiry and not the other would only be to uphold a technical rule, and at the same time point an easy mode of evading it without in the least obviating the reasons on which it rests. We think the reasons for requiring the record evidence of conviction have very little application to a case where the party convicted is himself upon the stand and is questioned concerning it, with a view to sifting his character upon cross-examination. The danger that he will falsely testify to a conviction which never took place, or that he may be mistaken about it, is so slight that it may almost be looked upon as purely imaginary, while the danger that worthless characters will unexpectedly be placed on the stand, with no opportunity for the opposite party to produce the record evidence of their infamy, is always palpable and imminent."

To the same effect is also section 474 *Wharton's Criminal Evidence.* See also *State* v. *O'Brien*, 81 Iowa, 93 ; *St te* v. *Miller*, 100 Mo. 622, and *St te* v. *T ylor*, 24 S. W. Rep. In the case last cited the Supreme Court of Missouri say : " In this country there has, been some hesitation in permitting a question, the answer to which not merely imputes disgrace, but touches on matters of record ; but the tendency now is, if the question be given for the purpose of honestly discrediting the witness, to require an answer."

*Judgment affirmed.*

(Decided November 22d, 1894.)