# AMERICAN STRAW BOARD COMPANY *vs.* JAMES SPENCER SMITH, by Next Friend, Etc.

*Negligence—Injury from Wagon to Pedestrian on Side of Highway— Evidence of General Competency of Driver—Instructions.*

In an action to recover damages for an injury alleged to have been caused by the negligence of the driver of defendant's wagon, evidence that the driver was competent generally in that capacity is not admissible, for the question is whether he was guilty of negligence on the occasion complained of, and not as to his competency in general.

Plaintiff, a boy nine years old, was walking along a very dusty country road when he met defendant's wagon, which was being driven rapidly, raising such a cloud of dust that the driver could not distinctly see pedestrians.   The wagon was on the wrong side of the road and partly on the foot-path, and plaintiff, in order to escape it, was forced from the path among certain small bushes next to a fence.   The wagon swerved to that side and plaintiff was knocked down and injured. *Held,*

1st. That a prayer of the defendant was properly refused which instructed the jury that if they should find that the plaintiff was guilty of want of care in hiding in the weeds on the side of the road when the wagon was approaching then he cannot recover unless the jury find that the driver could have avoided the injury after he saw plaintiff's peril.

2nd. That another prayer offered by the defendant, founded upon the hypothesis that the driver was not bound to anticipate the likelihood of the plaintiff's being hidden among the weeds, and that it was not negligence not to see plaintiff so hidden, was also properly refused, because it likewise assumes as a fact that the plaintiff was hiding in the weeds to escape observation and fails to require the jury to find whether the driver was free from negligence in driving through the blinding dust.on the foot-path of the highway where pedestrians were accustomed to walk.

Appeal from the Circuit Court for Kent County (PEARCE, C. J., and MARTIN, J.)   The plaintiff obtained a judgment on verdict for·$9,000.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*Oscar P. Bonney* and *John Prentiss Poe* (with whom were *Marion DeKalb Smith* and *Richard D. Hynson* on the brief), for the appellant.

*Albert Constable* and *Hope H. Barroll*, for the appellee.

FOWLER, J., delivered the opinion of the Court.

The plaintiff, a boy about nine years of age, while lawfully upon one of the public roads of Kent County was run over and permanently injured by a wagon driven by one Cole, an employee of the defendant, the American Straw Board Company.

This suit was brought by the plaintiff by his father and next friend in the Circuit Court for Kent County to recover damages for the injury thus inflicted.   During the trial two exceptions were taken by the defendant, and the judgment being against it, it has appealed.

The first exception relates to the exclusion of the testimony of Albert Story, which was offered for the purpose of proving the *competency* of the driver, Cole, the contention of the defendant being that evidence of the skill, experience and fitness of Cole for the place of driver tended to prove that he was free from negligence on this particular occasion.   The fallacy

of this view is apparent. It may, perhaps, be admitted that
it is probable that a skillful and competent driver will be more
careful generally than one who is without these attributes; but
the most skillful and competent may be, and human experi-
ence teaches us, will be sometimes negligent. Hence the fact
that one is skillful and competent may prove that he will
generally be more careful than the unskillful and incompetent;
but it has no tendency to prove due care on a particular oc-
casion. In the case of *Slater* y. *Baker, &c.,* 2 Wilson, C. P.
Rep. 359 (1767), which was a suit against two surgeons for
injury caused by negligence, it is said: " Although the de-
fendants in general way be as skillful * * * as any two
gentlemen in England, yet the Court cannot help saying that
in this particular case they have acted ignorantly and unskill-
fully, contrary to the known rule and usage of surgeons."
In addition to this, the question whether Cole is a skillful
driver is not involved in this case. It was not in issue before
the jury. The *narr.* alleges that he was driving the team and
wagon *at the time of the injury* in a negligent, careless and
unskillful manner, whereby one of the wheels of the wagon
passed over plaintiff's leg and permanently and seriously in-
jured him. The negligence here alleged is consistent with the
highest degree of skill and care on other occasions and hence
the testimony offered was properly ruled out. The case of
*Leighton* v. *Sargent,* 27 N. H., 467, relied on by the defend-
ant to show the admissibility of the testimony of Story has,
we think, no application to the case at bar. That was an
action of trespass on the case against a surgeon to recover
damages for injuries inflicted upon the plaintiff. The Court
(BELL, J.,) said in that case the declaration was entirely am-
biguous as to whether the plaintiff would rely upon the alle-
gation " that the defendant was ignorant and knew nothing of
the proper surgical treatment of such an accident as the
plaintiff had suffered; or that being properly educated and
competently learned in his profession, he had acted from neg-
ligence and carelessness, contrary to what must have been his
better knowledge and judgment, if he had given proper at-

tention to the case." It is well settled by numerous adjudications in England, in this State and many other States as well that " a person who offers his services to the community generally or to any individual for employment in any professional capacity as a person of skill, *contracts* with his employer that he possesses that reasonable degree of learning, skill and experience which is ordinarily possessed by the professors of the same art or science, and that he will use reasonable and ordinary care and diligence in the exertion of his skill * * to accomplish the purpose for which he is employed." *Dashiell* v. *Griffith*, 84 Md. 381; *Leighton* v. *Sargent, supra.* But in the case now before us the action is not based upon any implied contract with the plaintiff of skill on the part of the driver of the defendant's wagon. There is no *contractual relation* here between the plaintiff and the defendant as there was in the case of *Leighton* v. *Sargent.* The issue before the jury was, did the defendant's servant drive properly and with care on this particular occasion, and not whether he possessed skill and competency sufficient to have done so, if he had chosen to exercise his skill. We think, therefore, there was no error committed in refusing to admit testimony to establish the fact that the driver was competent and skillful. *McHenry* v. *Marr, &c.,* 39 Md. 510–526.

The second exception relates to the ruling of the Court below upon the prayers. The two prayers of the plaintiff were conceded. The defendant offered seven prayers, the third and fourth of which were refused, and the others granted. Hence the only remaining question is whether there was error in refusing the third and fourth prayers of the defendant. By the third prayer the Court was asked to instruct the jury that if they should find " the plaintiff was guilty of the want of reasonable and ordinary care and prudence in hiding in the weeds on the side of the public road when the wagons were approaching him, under the circumstances testified to, then he is not entitled to recover in this action unless they believe from the evidence that the driver of the wagon could have avoided the accident by the use of ordinary care after he saw or by the use of

ordinary care might have seen that the plaintiff was in the weeds and was in danger of being struck by the wagon." The fourth prayer is based upon the hypothesis that the driver was not bound to anticipate the likelihood or possibility of the plaintiff or anyone being *secreted* or *hidden* among the weeds, and that it was not negligence for the driver not to have seen the plaintiff *hidden* in said weeds. Both of these prayers are radically defective not only because they both assume facts which should have been submitted to the jury to find ; but also because they both fail to submit to the jury to find whether the driver was free from negligence in driving on the side of the public highway through blinding dust on the foot-path where footmen were accustomed to and had a right to walk. On the contrary all the evidence on this branch of the case is omitted from both of these prayers, and the jury are in legal effect told that in spite of all this evidence, and admitting its truth, yet if they believe the other facts therein stated the plaintiff cannot recover.

In the first place briefly in regard to defect in both these prayers in the assumption of facts. Both prayers assume that the plaintiff was guilty of hiding in the weeds. Indeed the third is so drawn that the jury might well have supposed, if it had been granted, that there was evidence in the case to prove that the plaintiff had hidden himself in the grass or weeds *for the purpose of escaping observation.* But even if this fact had been put to the jury to find, instead of being assumed, there is no evidence to sustain it. In addition to the defects already pointed out we cannot sanction the proposition set forth in the fourth prayer as applicable to the facts of this case. It may be true as a general proposition that "a driver driving along a public highway is not bound to suspect that anybody is hidden in the midst of bushes and weeds growing in the road ; but it is quite another thing to say that one may legally drive through the dust on the foot-path as, conceding it to be true, the evidence shows Cole was driving when the plaintiff was injured. As we have already pointed out the prayer omits all reference to the evidence showing the

24        NEW YORK, ETC., R. CO. vs. JONES.

Syllabus.                                    [94

prior negligence of the driver in forcing the plaintiff from the pathway in his effort to escape injury. In conclusion it is only necessary to say that this prayer instructs the jury as *matter of law* that if they find the facts therein stated then the plaintiff was free from negligence, and that the defendant was guilty of contributory negligence, whereas in view of the facts and the prior negligence of the defendant negligence *vel non* was a question of fact for the jury.

*Judgment affirmed.*

(Decided November 21st, 1901.)