## JOHN S. O'DELL *v.* KATE BARRETT.
[No. 17, October Term, 1932.]

*Decided November 30th, 1932.*

344

 

The cause was argued before URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Foster H. Fanseen,* for the appellant.

*Harry O. Levin,* for the appellee.

URNER, J., delivered the opinion of the Court.

A motor truck, owned by the appellant, collided with a parked automobile in which the appellee was seated, and for her resulting personal injuries she obtained the judgment from which this appeal was entered. There was no question at the trial as to the legal sufficiency of the evidence to prove negligence in the operation of the truck at the time of the collision. The issue in the case was whether the driver of the truck was at that time using it with the permission and for the benefit of the appellant owner, or merely for his own individual purposes and without the owner's consent. One of the exceptions in the record relates to the refusal of the trial court to withdraw that issue from the jury, and to the rejection of one of the defendant's prayers by which the issue was proposed to be defined. The other exceptions refer to rulings as to the admissibility of testimony.

It is conceded that Worthen, the driver of the truck, had been employed in that capacity by the appellant, but the defense relied upon evidence that the employment terminated about two months prior to the accident, which occurred in January, 1931. The truck had been used for hauling cement. There was no occasion to use it for that purpose after the weather became too cold for cement paving work. According to the appellant's testimony, the truck was placed in the garage for the winter some time in November, 1930, and thereafter he had no further need of Worthen's services and gave him no authority to remove the truck from the garage. It was testified by Worthen that, after the season for the

cement hauling ended, he continued to visit the appellant's place of business and occasionally performed small duties there for which he was compensated, and was allowed to retain a key to the garage where the truck was kept. But the most important feature of his testimony was the statement that he was using the truck on the day of the accident in pursuance of an agreement with the appellant, at the end of the cement hauling season, that the witness should use the truck during the winter for any other hauling work he could find, and they would divide the proceeds equally. It does not appear that he had previously taken out the truck for any such purpose after the close of the cement hauling season, but, when the accident happened, he was returning with the truck, as he testified, after using it to earn a dollar in work which he described and to which his agreement with the appellant, if made, would be applicable. It was denied by the appellant that there was any such agreement. In view of the conflict in the evidence upon that question of fact, a verdict for the defendant could not properly have been directed upon the theory of the defendant's requested instruction that, according to the uncontradicted evidence, the driver was using the truck, at the time of the accident, "solely for his own business or pleasure."

It is not argued in the appellant's brief that the refusal to withdraw the case from the jury was erroneous, but there is said to have been error in the rejection of a prayer of the defendant by which the jury would have been instructed that, if the truck was being operated, at the time of the accident, "without the knowledge, consent or permission of the defendant," the verdict should be in his favor. By a granted prayer of the defendant, the jury were instructed to render a verdict for him if they found from the evidence that, when the accident happened, the truck was being operated by the driver "solely for his own uses and purposes." But, by the rejected prayer last referred to, a verdict for the defendant would have been required simply upon a finding that on the occasion mentioned the defendant had no knowledge that the truck was being used, even though the jury might believe

that such use had been previously authorized; the terms "knowledge, consent or permission" being employed in the prayer disjunctively. The rulings on the prayers were correct.

There were eight exceptions to rulings on the admissibility of evidence, but the first, third, fifth, and seventh of those exceptions are not discussed or noticed in the appellant's brief, and will therefore, under a rule of this court, be regarded as having been abandoned.

The second exception was reserved because a chiropractor, who had treated the appellee for an injury to her pelvis and spine caused by the accident, was permitted to testify, in effect, that the injury would result in curvature of the spine. The contention is that a chiropractor is not qualified to express an opinion as an expert witness on that subject. It had been testified by the witness that he examined the appellee two days before the accident and found a slight tilt of the pelvis, which caused some lameness, but that his examination after the accident revealed "an exaggerated tilt, and also a rotation of the lower part of the spine, as if some concussional force had twisted her spine out of place." In regard to his qualifications, the witness stated that he was graduated from the Eastern College of Chiropractic, in New York City, in 1922, and was the same year licensed to practice chiropractic in Maryland; that his examination for a license covered every subject on which a physician is examined except *materia medica*; that he had studied anatomy, physiology, pathology, symptomatology, hygiene, obstetrics, chiropractic, orthopedics, nerve tension and adjustment, chemistry, and bacteriology; and that in his ten years' experience he had examined and treated about ten thousand spines and administered chiropractic treatment when necessary. If patients needed medicine, he would refer them to a physician, he said, but he did not find medicine needed in this case. The treatment which he administered to the appellee consisted of chiropractic adjustments three times a week for a period which the record does not definitely indicate.

In order to obtain the license under which he is practicing in Maryland, the chiropractor witness in this case was required to pass an examination before a state board upon the following subjects: "Anatomy, physiology, symptomatology, chiropractic orthopedy, principles of chiropractic and adjusting, nerve tracing, chemistry, hygiene, bacteriology, and chiropractic analysis as taught by chiropractic schools and colleges." Code, art. 43, sec. 384. A duly licensed chiropractor "may adjust by hand any articulations of the spinal column, but shall not prescribe for or administer to any person any medicine or drugs now or hereafter included in *materia medica*, practice major or minor surgery, obstetrics, nor any other branch of medicine, nor practice osteopathy." *Id.*

In view of the fact that the State has recognized the qualifications of the chiropractor who testified in this case to treat maladjustments of the spinal column by the method specified, and in view of his long and extensive experience in the field of his licensed practice, we would not feel justified in ruling that the court below was wrong in allowing the witness to describe the probable effect upon the spinal column of a disarrangement of the pelvis, which is formed in part by the lower extremity of the spine, especially when the witness was testifying in reference to conditions which he had personally examined.

The fourth and sixth exceptions are unimportant. Neither discloses any error.

The truck driver, after testifying as a witness for the plaintiff, was asked on cross-examination whether, before the accident, he had served any time in jail in "connection with the O'Brien matter, taking a car out." An objection to the inquiry was sustained. This is the subject of the eighth exception. For the purpose of affecting the credibility of witnesses, somewhat similar questions were held to have been properly allowed in *Smith v. State,* 64 Md. 25, 20 A. 1026, and *McLaughlin v. Mencke,* 80 Md. 83, 30 A. 603. In the first of those cases there was no reply to the question, in view of the trial court's advice to the witness that she was not com-

pelled to answer, the only ground of the exception being that the inquiry had been permitted. In *McLaughlin v. Mencke* there was held to have been no error in allowing a witness to be asked on cross-examination whether he had ever been in jail and what he had been sent there for, in answer to which questions he admitted that within the preceding month he had served a short term in jail for drunkenness. It was said in the opinion delivered in *Simond v. State*, 127 Md. 29, 39, 95 A. 1073, 1077: "Although this court said in *Smith v. State*, 64 Md. 25, 20 A. 1026, that a witness could be asked whether he had ever been confined in jail and in *McLaughlin v. Mencke*, 80 Md. 83, 30 A. 603, whether he had been in jail and for what, it would be certainly carrying the rule to its limit to ask a witness if he had been arrested ten years before for being drunk and sent to jail."

In *Nelson v. Seiler*, 154 Md. 63, 139 A. 564, 566, the judgment was reversed partly because the defendant was allowed to be asked, and to answer in the affirmative, whether he had not been convicted of violating the Motor Vehicle Law by exceeding the speed limit and by driving without a license. This court said, in the opinion by Chief Judge Bond: "Criminal law and criminal procedure are made use of for the enforcement of a large volume of mere regulations of convenience and order, wholly without relation to any moral qualities; and while it may have been less apparent in times past, it is now, at least, inescapable that some discrimination must be made when the courts come to receive evidence of violations to impeach the credibility of a witness. * * * No rigid classification seems possible. The principle generally adopted by courts which follow otherwise the practice followed in Maryland is that the trial court must exercise discretion when offers of convictions are made, looking to the purpose for which the evidence is offered, and that its decision will not be interfered with on appeal except when the evidence is so clearly irrelevant that its admission could not be said to be within the discretion lodged with the trial court."

That principle was applied in *Burgess v. State,* 161 Md. 162, 155 A. 153, 157, in favor of a lower court ruling which sustained an objection to a question asked of the prosecuting witness as·to whether, about five years previously, he had not been convicted of an assault and sentenced to a jail term of 180 days. In the opinion of this court, prepared by Judge Digges, it was said: "Confining what we now have to say to witnesses, and excluding defendants in a criminal case, when such testimony is sought to be introduced the object is, and can only be, to discredit the witness by showing that his character is such as tends to render his testimony unworthy of belief. * * * Certainly if it be shown that a witness had previously been convicted of perjury, it would materially discredit, if not entirely destroy, the value of his testimony. Conviction of many other crimes could properly have the same effect; while, on the other hand, there may be convictions of violations of hundreds of police regulations, which in no real or true sense can be taken as tending to make one so convicted unworthy of belief. * *, * The most satisfactory disposition of the question, so far as the courts are concerned, is to leave it in the sound discretion of the trial court, whose judgment in such matter should not be disturbed on appeal except in clear cases of error."

In the present case we are unable to hold that the ruling under consideration was clearly erroneous. The question propounded to the witness was not sufficiently explicit to justify that conclusion. While it suggests a conviction, it does not specifically indicate an offense by which the credibility of the witness would manifestly be affected. There was no accompanying proffer which might have supplied that lack of certainty. In view of the form in which the question was presented, we have no adequate ground for a decision that the ruling excepted to did not involve a proper exercise of the trial court's discretion.

It is suggested in the appellant's brief that the testimony excluded by the ruling which we have been discussing may have tended to prove that the use of the appellant's car at the time of the accident was unauthorized; the theory of the

suggestion being that such a conclusion would be aided by proof that the driver had been convicted of using the car of another person without permission. If the disallowed question had been explicit as to the nature of the offense to which it may have been intended to refer, the fact that the witness used the O'Brien car without the owner's permission would not be admissible as tending to prove that at the time of the accident he was using the appellant's truck without his consent.

*Judgment affirmed, with costs.*