## W. S. DORMAN v. MARY B. KOONTZ.
[No. 41, January Term, 1933.]

*Decided April 6th, 1933.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, and PARKE, JJ.

*Walter C. Capper,* for the appellant.

*Estel C. Kelley* and *William A. Huster,* for the appellee.

536

URNER, J., delivered the opinion of the Court.

While the plaintiff was driving her automobile along a public highway in Allegany County, the car was struck by the defendant's motor truck, which was making a backward movement into the road from an area in front of a garage. At the trial of this suit for personal injuries to the plaintiff, and for damage to her automobile caused by the collision, the principal question was whether the evidence had a legally sufficient tendency to prove that the operator of the truck at the time of the accident was acting as the defendant's agent or employee. It is not disputed that there was legally adequate evidence of the truck driver's negligence. The appeal is from a judgment for the plaintiff on the verdict of a jury.

The defendant had taken his truck to Nelson's Garage for repairs to its steering mechanism. It was requested by the defendant that the repairs be made the following day. Mr. Nelson said that he could not do the work within the time specified, but referred the defendant to a man by the name of Bridges, who was then at the garage engaged in some work of his own with Nelson's permission. Bridges, who was not connected with the garage, but whose occupation is digging and hauling coal, though he has had some experience as an automobile mechanic, testified that he agreed to make the repairs on the following day with the defendant's assistance, and that the accident happened while he was examining the truck after the defendant had described to him the trouble with the steering gear. According to his testimony the defendant said to him, "Come get in the truck and ride up with me to the mine and if there was any part needed he would get it in Cumberland," but the witness said "he couldn't do that because he didn't have time." Declarations attributed to the defendant by the plaintiff's witnesses, respectively, were as follows: That "he told Bridges to go out and look at the truck and see if he could fix it the next day, there," that "something was wrong with the clutch to the truck and he went down to Swede Nelson's to get the car fixed there and Swede said he would be busy and couldn't fix it, but maybe Bridges could fix it," and he (the defend-

ant) "told Bridges to go out and see if he could find out what was wrong." There was testimony that Bridges stated in the defendant's presence, at a hearing in the people's court, that when he agreed to make the repairs to the truck he asked the defendant, "What's wrong?" And the defendant said: "I don't know exactly, something is wrong with the clutch. Suppose you go out and look what is wrong and maybe you can tell me." That "he was told to go out and see if he could fix it—find out what was wrong with the truck and fix it." Evidence in the record tends to prove that Bridges was intoxicated when the accident occurred.

From the testimony in the case it could be rationally inferred that Bridges, the operator of the truck, at the time of the collision was acting in pursuance of instructions from the defendant to ascertain the cause of the steering trouble which was to be remedied. Some experimental movement of the truck could be anticipated as incidental to that duty. If the truck was in fact being maneuvered for that purpose by an intoxicated man at the defendant's instance, the responsibility of the defendant for the negligence of the operator could not well be doubted. It was denied by the defendant that he made the declarations which we have quoted from the testimony of witnesses for the plaintiff, and there was a dispute as to the intoxication of Bridges; but it was for the jury to decide the questions of fact thus raised. It is not necessary to determine the nature of the legal relation between the defendant and Bridges which, according to the plaintiff's proof, existed at the time of the accident. Apart from the question as to whether it was such a relation as would ordinarily have made the defendant responsible for the negligence of Bridges, the submission of the case to the jury was justified by the evidence, which tended to charge the defendant himself with negligence in committing to an intoxicated person the duty of testing the steering efficiency of the truck under circumstances involving the danger of collision with passing vehicles. To such a state of proof we are unable to apply the principle of the cases, including *Bell v. State,* 153 Md. 333, 138 A. 227, which the appellant has cited in sup-

port of his exception to the trial court's refusal to withdraw this case from the jury.

Two exceptions to the admissibility of evidence were reserved at the trial. One has been abandoned. The other was taken because the defendant was allowed to be asked on cross-examination, "Weren't you convicted for operating a motor vehicle under the influence of liquor?" His answer was: "Yes, sir." He had just denied that he had been drinking when the accident happened. The plaintiff had testified that both the defendant and Bridges were drunk at that time. It was evidently because of the dispute as to the defendant's condition, as reflecting upon the reliability of his recollection of the occurrence under investigation, that he was cross-examined on that subject. Bridges was arrested immediately after the accident on the charge of operating a motor vehicle while he was intoxicated. He was tried and convicted the same day on that charge. It is inferable from the record that the defendant was about that time also placed under arrest. In his testimony he said that his case was not tried "the first day," which was the time of the Bridges trial; but on the following Saturday. The question objected to may be fairly understood as referring to a conviction of the defendant for operating a motor vehicle about the period of the accident while he was under the influence of liquor.

In *McLaughlin v. Mencke,* 80 Md. 83, 30 A. 603, a witness was held to have been properly allowed to be asked on cross-examination whether he had ever been in jail and what he had been sent there for, to which inquiry he replied that within the preceding month he had served a short time in jail for drunkenness. It was said by Chief Judge Bond in *Nelson v. Seiler,* 154 Md. 63, 69, 139 A. 564, 566: "The principle generally adopted by courts which follow otherwise the practice followed in Maryland is that the trial court must exercise discretion when offers of convictions are made, looking to the purpose for which the evidence is offered, and that its decision will not be interfered with on appeal except when the evidence is so clearly irrelevant that its admission could not be said to be within the discretion lodged with the trial court.

2 *Wigmore, Evidence* (2nd Ed.), sec. 983. *Third Great Western Co. v. Loomis,* 32 N. Y. 127, 132, 88 Am. Dec. 311; *People v. McArron,* 121 Mich. 1, 79 N. W. 944. And this we take to be the principle we are required to follow in Maryland." In *Burgess v. State,* 161 Md. 162, 173, 155 A. 153, 158, Judge Digges, speaking for the court on the same subject, said: "The most satisfactory disposition of the question, so far as the courts are concerned, is to leave it in the sound discretion of the trial court, whose judgment in such matter should not be disturbed on appeal except in clear cases of error." That principle was applied in the later case of *O'Dell v. Barrett,* 163 Md. 342, 163 A. 191. It is properly applicable also to the ruling now considered. The allowance of the question objected to should not, in our judgment, be held to be a clearly erroneous exercise of the trial court's discretion, in view of the circumstances and apparent purpose of the inquiry.

*Judgment affirmed, with costs.*