GENERAL EXCHANGE INSURANCE CORPORA-
TION ᴇᴛ ᴀʟ. *v.* HARRY SHERBY ᴇᴛ ᴀʟ.

[No. 7, April Term, 1933.]

*Decided April 25th, 1933.*

2

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John E. Magers,* with whom was *Albert R. Huss* on the brief, for the appellants.

*William D. Macmillan* and *Gaylord Lee Clark,* submitting on brief, for the appellees.

PARKE, J., delivered the opinion of the Court.

An action at law to recover the damages resulting from the collision of two automobiles while being driven on the public highway was begun by the owner of one of the automobiles and his assurer against the owner and the driver of the other automobile. The trial of the case resulted in a verdict and judgment for the defendants. The plaintiffs have appealed, and the single ground upon which a reversal is asked is presented by an exception to the court's ruling on the evidence. The defendant driver was under cross-examination, and had stated that he had been driving carefully, but that he and the owner of the other automobile had both been charged with reckless driving and had immediately been taken before a justice of the peace, who had tried the case at once. At this point the plaintiffs offered to prove by the witness that the latter had been found guilty of this charge by the justice of the peace and that he had been fined two dollars and costs. The error assigned is the refusal to admit this testimony. The driver of each automobile attributed the cause of the accident to the negligent or reckless driving of the other, and which one was at fault so as to have been the direct cause of the accident was the issue for the jury to determine from all the testimony on the subject. *Dwyer v. Chew,* 149 Md. 281, 283, 131 A. 350.

Subject to the limitation that there had been a conviction[1] that was not too remote,[2] the credibility of a witness had freely been allowed to be impeached by proof of a former conviction of crime, without reference to its nature,[3] until the case of *Nelson v. Seiler* (1927), 154 Md. 63, 139 A. 564,

566. See *Donnelly v. Donnelly,* 156 Md. 81, 86, 143 A. 648 (moral turpitude).

[1]*Bonaparte v. Thayer* (1902), 95 Md. 548, 559, 52 A. 496; *Duffy v. State,* 151 Md. 456, 466, 468, 135 A. 189; *Niemoth v. State,* 160 Md. 544, 557, 154 A. 66.

[2]*Simond v. State* (1915), 127 Md. 29, 38, 39, 95 A. 1073.

[3]*Smith v. State* (1885), 64 Md. 25, 20 A. 1026; *McLaughlin v. Mencke* (1894), 80 Md. 83, 30 A. 603; *Mattingly v. Montgomery* (1907), 106 Md. 461, 68 A. 205; *Balto. & Ohio R. Co. v. Strube* (1909), 111 Md. 119, 73 A. 697; *United Rwys. & Elec. Co. v. Phillips* (1916), 129 Md. 328, 99 A. 355; *Annarina v. Boland* (1920), 136 Md. 365, 111 A. 84; *Kremen v. Rubin,* 139 Md. 682, 116 A. 640.

The comparatively recent multiplication of penal laws to enforce ordinances and statutes enacted under the police power gave rise to a large class of offenses whose commission indicated neither moral turpitude, a lawless disposition, nor untruthfulness. The problem is illustrated and its solution stated in *Nelson v. Seiler, supra,* where the opinion for the court was written by Chief Judge Bond. It is there said: "To admit as possible evidence of a witness' unworthiness of belief the fact that he has been convicted of driving over a stop signal, or making a left-hand turn where it is not permitted, would be unreasonable. Criminal law and criminal procedure are made use of for the enforcement of a large volume of mere regulations of convenience and order, wholly without relation to any moral qualities; and while it may have been less apparent in times past, it is now, at least, unescapable that some discrimination must be made when the courts come to receive evidence of violations to impeach the credibility of a witness. It is not required that the evidence be restricted to infamous crimes or those involving moral turpitude on the one hand, but, on the other, the purpose of the admission, to impeach credibility, must impose some limits. The convictions should be of infringements of the law that may have some tendency to impeach credibility, and not all infringements do. No rigid classification seems possible. The principle generally adopted by courts which

follow otherwise the practice followed in Maryland is that the trial court must exercise discretion when offers of convictions are made, looking to the purpose for which the evidence is offered, and that its decision will not be interfered with on appeal, except when the evidence is so clearly irrelevant that its admission could not be said to be within the discretion lodged with the trial court. 2 *Wigmore, Evidence* (2nd Ed.), sec. 983. *Third Great Western Co. v. Loomis,* 32 N. Y. 127, 132; *People v. McArron,* 121 Mich. 1, 79 N. W. 944. And this we take to be the principle we are required to follow in Maryland." The doctrine thus formulated was affirmed in *Burgess v. State,* 161 Md. 162, 173, 155 A. 153, 158, where Judge Digges succintly states for the court that "The most satisfactory disposition of the question, so far as the courts are concerned, is to leave it in the sound discretion of the trial court, whose judgment in such matter should not be disturbed on appeal, except in clear cases of error." *O'Dell v. Barrett,* 163 Md. 342, 163 A. 191, in which Judge Urner wrote the opinion, expresses the same rule.

These decisions are conclusive that the credibility of the witness could not be impeached on cross-examination by evidence of his prior conviction for reckless driving of an automobile on a public highway, unless by reason of the circumstances that in these cases the criminal act of which the party had been convicted had occurred before the accrual of the subject-matter of the trial, whereas in the case at bar the conviction may have been for the reckless driving out of which the pending alleged cause of action arose. It is not perceived how the time of the conviction of crime is generally material or relevant in the determination of the admissibility of the fact of a conviction of crime before the trial at which the witness is so sought to be impeached, because it is the nature of the crime in relation to the credit of the witness that is decisive of its admissibility, and the element of time merely goes to the present weight to be given to the conviction, unless the length of time since the conviction is, in connection with the nature of the crime, so great as to make

the fact of no probative value. *Simond v. State,* 127 Md. 29, 38, 95 A. 1073. If the nature of the crime indicate a lack of veracity, it is the conviction of that crime that is the discrediting fact, whenever, if not too remote, or wherever, it may have been committed. So in the recent appeal of *Dorman v. Koontz,* 164 Md. 535, 165 A. 461, 463, filed April 6th, 1933, in which the opinion was written by Judge Urner, the court, after stating the principle declared in *Nelson v. Seiler,* and *Burgess v. State, supra,* and its application in the later case of *O'Dell v. Barrett, supra,* held the principle properly applicable to the ruling at *nisi prius* which allowed the defendant to be asked on cross-examination if he had not been convicted of driving on the day of the accident a motor vehicle while he was under the influence of liquor. The ruling was made under these circumstances. The witness had been arrested on the day of the accident for an offense which had been committed in close association with the time of the accident, and had been tried and convicted before a justice of the peace a few days after the accident. In his testimony in the civil action, the witness had denied that he had been drinking, and, for the purpose of impeachment, the stated question was immediately put to the witness. Thus the conviction proved was for the crime of driving his truck while under the influence of intoxicating liquor in relative proximity to the injury to the plaintiff; and, in sustaining the cross-examination, Judge Urner wrote: "The allowance of the question objected to should not, in our judgment, be held to be a clearly erroneous exercise of the trial court's discretion, in view of the circumstances and apparent purpose of the inquiry." It follows that whether the crime of which the witness was convicted was before or contemporaneous with the origin of the civil right of action that is being tried, the doctrine of *Nelson v. Seiler* and the subsequent decisions is applied. See *Mattingly v. Montgomery,* 106 Md. 461, 471, 68 A. 205; *Balto & O. R. Co. v. Strube,* 111 Md. 127, 73 A. 697; *Green v. State,* 161 Md. 75, 84, 85, 155 A. 164.

It was at the close of the trial of the civil case, after all the parties, with their witnesses, had given their versions of

the circumstances under which the automobiles had collided, that the defendant driver was asked if he had not been convicted of reckless driving at the time of the accident. The admission of this testimony was, under the prevailing doctrine, in the sound discretion of the judge before whom the case was on trial. He considered the problem, and being, as he clearly indicated, of the opinion that finding the defendant guilty of reckless driving involved no implication of an absence of credibility, but tended to confuse the jury on an issue of negligence *vel non* that was then peculiarly the function of the jury on a full presentation of all the facts, the court declined to let the question be asked. In this ruling no reversible error is found. The offense of reckless driving includes many acts in the control and operation of an automobile which could have no bearing on the credibility of the witness, and nothing is here disclosed which would tend to take the offer in the instant case out of the general rule.

It is urged, however, by the plaintiffs, that the fact of conviction of that defendant on the charge of reckless driving, in connection with the happening of the accident of which the plaintiffs complain, was admissible as evidence of the culpable negligence of such defendant, entitling the plaintiffs to recover. It was held in *Gambrill v. Schooley,* 95 Md. 260, 280, 52 A. 500, that, when the purpose is to discredit a witness, he may be asked, without the production of the record, whether or not he has been convicted of a crime, but that, if the object is broadly to get in evidence the facts concluded by the judgment, the record must be produced. The necessity for this distinction is apparent. The record or its equivalent determines the scope and effect of the judgment, and so must be presented or the absence satisfactorily explained. As a justice of the peace is not a court of record, he must have the papers or proceedings and his docket, before his judgment may be received. *Balto. & O. R. Co. v. Strube,* 111 Md. 119, 126, 73 A. 697. Aside from the defect in the formal offer of the evidence, the judgment in the criminal prosecution mentioned is not the indispensable foundation of the civil action, and is not offered as an admission

or declaration of the accused that he was guilty of the charge preferred, so the case is one within the general rule that the judgment in the criminal prosecution is not competent evidence, to establish the truth of the facts upon which it has been rendered, in a civil action for damages occasioned by the offense of which the party stands convicted. 2 *Freeman on Judgments,* secs. 653-655; *Huddy's Cyc. of Automobile Law,* vols. 15, 16, sec. 212. The reasons for this exclusion of the judgment in a criminal case as evidence of the plaintiff's claim against the traverser are various. There is a weighty difference in the parties, objects, issues, procedure, and results in the two proceedings, with different rules with respect to the competency of the witnesses and the relevancy, materiality, and weight of the testimony. *Wharton's Criminal Evidence* (10th Ed.), secs. 570-570d. In a civil proceeding, the act complained of is the essential element, but in a criminal prosecution it is the intent with which the act is done. There were, moreover, other considerations in support of the discretion exercised by the court. The charge before the justice of the peace in the criminal prosecution was there heard and determined upon the testimony then produced, and, although the accusation in the criminal trial involved to a certain extent the issue at bar in the civil action, the jury in the suit were functioning in a different procedure, wherein neither the witnesses, nor the testimony, nor the issues were necessarily the same; and where, although the defendant might nevertheless be guilty of the crime of reckless driving at the time of the happening of the accident, there were possible defenses in bar to the right to recover, such as plaintiffs' contributory negligence, or that the defendant's wrongful act was not the proximate cause of the injury. Without further elaboration of the point, there is no cause for reversal on the error assigned.

*Judgment affirmed, with costs.*