## NESBIT *v.* THE CUMBERLAND CONTRACTING CO.

[No. 202, October Term, 1949.]

38

*Decided July 19, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

Submitted on brief by *Harold Naughton* and *Milton Gerson* for the appellant.

*William C. Walsh,* with whom was *Thomas B. Finan* and *Miles, Walsh, O'Brien & Morris* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant brought suit for injuries sustained on September 2, 1948 when he drove his automobile into a

pile of dirt and rocks left by the appellee in the public highway, at a point where a culvert was undergoing repairs. The appellant was then twenty-one years of age. There was a dispute in the testimony as to whether the obstruction was lighted. There were no eyewitnesses and the plaintiff testified he was driving at 25 miles per hour and had just dimmed his lights for an approaching car. The jury found a verdict for the defendant. The appellee concedes that there was legally sufficient evidence of negligence to go to the jury. The only question presented on this appeal is whether the trial court committed reversible error in allowing the plaintiff to be interrogated on cross-examination as to previous traffic offenses.

The plaintiff testified in cross-examination that he had a driver's license at the date of the accident. He was then asked "Do you consider yourself a good driver?" There was no objection and he answered "Yes". Over objection, he was then asked and admitted that he had been convicted twice in 1944 for driving without a license, three times in 1944 and 1945 for reckless driving, driving after license revoked on April 25, 1945, and passing on a curve and failing to stop at a boulevard sign, in January 1948. The court expressed the view that these convictions were admissible "to show chronic reckless driving". The appellant contends that the admission of this testimony was highly prejudicial, relying upon *Nelson v. Seiler*, 154 Md. 63, 68-70, 139 A. 564, 565.

In that case the defendant in an automobile accident case, where a pedestrian was injured, was asked in cross-examination as to previous traffic convictions "for the purpose of impeaching his veracity as a witness." The particular convictions were for exceeding the speed limit on another occasion and for driving without having his license in his possession on two other occasions. Chief Judge Bond, speaking for the court said:

"But assuming that the previous crimes which may be inquired about are not limited to those involving moral turpitude, the appellant urges that some distinction must

still be observed between lesser violations of the criminal law, because some of them are so plainly without bearing on the witness' credibility and would commonly be brought into a case only for some ulterior and probably illegitimate purpose. And it seems to us this argument can hardly be denied. To admit as possible evidence of a witness' unworthiness of belief the fact that he has been convicted of driving over a stop signal, or making a left-hand turn where it is not permitted, would be unreasonable. Criminal law and criminal procedure are made use of for the enforcement of a large volume of mere regulations of convenience and order, wholly without relation to any moral qualities; and while it may have been less apparent in times past, it is now at least unescapable that some discrimination must be made when the courts come to receive evidence of violations to impeach the credibility of a witness. It is not required that the evidence be restricted to infamous crimes or those involving moral turpitude on the one hand, but, on the other, the purpose of the admission, to impeach credibility, must impose some limits; the convictions should be of infringements of the law that may have some tendency to impeach credibility, and not all infringements do. No rigid classification seems possible. The principle generally adopted by courts which follow otherwise the practice followed in Maryland is that the trial court must exercise discretion when offers of convictions are made, looking to the purpose for which the evidence is offered, and that its decision will not be interfered with on appeal except when the evidence is so clearly irrelevant that its admission could not be said to be within the discretion lodged with the trial court. 2 *Wigmore, Evidence* (2d Ed.) § 983. *President, etc., of Third Great Western Turnpike Road Co. v. Loomis,* 32 N. Y. 127, 132, 88 Am. Dec. 311; *People v. McArron,* 121 Mich. 1, 79 N. W. 944. And this we take to be the principle we are required to follow in Maryland.

"Applying these principles to the questions admitted over objection here, we consider that none of them could

bring out facts reflecting on a witness' credibility and their admission was erroneous. Convictions for driving without a license are so clearly without any such bearing that it is doubtful whether they could have a misleading effect on the minds of a jury, and perhaps their admission might be treated as harmless; but convictions for exceeding the speed limit seem more likely to have been harmful because of a possible suggestion of excessive speed in the case at bar, a fact of which there was no direct evidence, and one to prove which the prior convictions would not be admissible. *Baltimore & O. R. Co. v. State, to Use of Black,* 107 Md. 642, 655, 69 A. 439, 72 A. 340. Our opinion is that the evidence was so far from having any bearing on the veracity of the witness that, treating it as offered for that purpose, its admission was error which requires a reversal of the judgment."

In a comment upon this case in 3 Wigmore, Evidence (3d Ed.), § 987, p. 591, the learned author said: "Injury by an automobile; defendant driver cannot be shown to have been convicted for traffic offenses, as not affecting veracity; but surely the learned court forgot that the reckless driver is never a good judge of his own speed, and here the witness testified to his speed; the ruling is unsound and impractical; conviction for traffic offenses discredits any driver testifying about his driving." See also his comment on page 617 that such evidence is "highly probative and the ordinary policy against it does not here apply."

Prior convictions for violation of the motor vehicle law seem clearly to have no direct bearing upon veracity, nor are they indicative of such moral depravity that an inference of falsehood in the case on trial may properly be drawn. See *Burgess v. State,* 161 Md. 162, 172, 155 A. 153, 75 A. L. R. 1471; *General Exchange Insurance Corporation v. Sherby,* 165 Md. 1, 4, 165 A. 809; and Kauffman, "Impeachment and Rehabilitation of Witnesses in Maryland", 7 Maryland L. R. 118, 129 note 50. It may be noted that in the Model Code of Evidence prepared by the American Law Institute (Rule 106) the

rule is laid down that only convictions of crimes involving dishonesty or false statement should be admissible. Although it is stated as a general principle that all relevant evidence should be received, "the value of such evidence must be weighed against the risks that it may confuse the issues, or will work an illegitimate prejudice out of proportion to its legitimate influence". In New York it is now provided by statute that no conviction of a traffic offense shall be admissible to affect credibility. New York Civil Practice Act, § 355. Wigmore seems to recognize, p. 552, that even convictions which are otherwise relevant may be excluded on grounds of policy, and where the witness is an accused party, exclusion may be sustained "in order to prevent that unfair prejudice which might accrue against him as the accused, by means of a cross-examination as to misconduct which would be legitimate enough for an ordinary witness."

Except in a limited class of sex crimes, it is the general rule in criminal cases that proof of other independent crimes is not admissible " 'to show either guilt or that the defendant would be likely to commit the crime with which he is charged'," although " 'collateral offenses may be shown to prove the mental processes or mental attitude of the accused' such as motive or intent." *Wood v. State,* 191 Md. 658, 664, 62 A. 2d 576, 578. See also *Baltimore Radio Show v. State,* 193 Md. 300, 327, 67 A. 2d 497, 509. In *Galusca v. Dodd,* 189 Md. 666, 669, 57 A. 2d 313, 314 and *Hunter v. State,* 193 Md. 596, 605, 69 A. 2d 505, 509, it was held that cross-examination of an accused as to prior convictions of the same or similar crimes was not prejudicial under the circumstances, and did not amount to an abuse of discretion.

In civil cases involving negligence there can be no question of motive or intent and the relevancy of prior convictions of traffic violations can hardly be maintained, unless upon the broad ground that they show a predisposition or a negligent character which Wigmore seems to adopt. But it has long been established in Maryland that such testimony cannot supply proof of negligence

in the case on trial. In *Baltimore & O. R. Co. v. State, to Use of Black,* 107 Md. 642, 655, 69 A. 439, 444, 72 A. 340, it was held error to permit questions as to the plaintiff's "habits with reference to being a careful and cautious driver or otherwise." See also *American Straw Board Co. v. Smith,* 94 Md. 19, 50 A. 414. In *General Exchange Insurance Corp. v. Sherby,* 165 Md. 1, 7, 165 A. 809, it was held that a conviction for reckless driving, growing out of the same accident as the civil suit, was properly excluded as tending to confuse the jury. To the same effect, see *Eisenhower v. Baltimore Transit Co.* 190 Md. 528, 59 A. 2d 313, 319. In *Davis v. Gordon,* 183 Md. 129, 132, 36 A. 2d 699, 156 A. L. R. 1109, it was held that questions as to whether the defendant had a driver's license at the time of the accident, and whether his license had been revoked on account of a previous accident, were rightly excluded as tending to prejudice and inflame the jury. If the basic policy announced in these decisions is to be changed, it would seem that the matter is one for legislative rather than judicial action.

The appellee attempts to distinguish the *Nelson* case on the ground that the questions as to prior convictions were admissible to contradict the plaintiff's statement that he "considered" himself a "good driver". It may be doubted whether the preliminary question was proper, since it called for a conclusion of the witness and was not directed at any testimony of general competence developed in direct examination. *Consolidated Beef & Provision Co. v. Witt & Co.,* 184 Md. 105, 112, 40 A. 2d 295. The general competency of the plaintiff was not in issue, and the contradiction appears to be no more than an effort to persuade the jury that because the plaintiff had been reckless on previous occasions he was reckless on the night of the accident. *Cf Wigmore, Evidence,* 3d Ed., § 1005, p. 661. The convictions for reckless driving, as in the *Nelson* case, 154 Md. page 69, 139 A. page 566, were "likely to have been harmful because of a possible suggestion of excessive speed in the case at bar, a fact

of which there was no direct evidence and one to prove which the prior convictions would not be admissible." This statement may be contrasted with the intimation, 154 Md. page 75, 139 A. page 568, that a conviction of drunkenness might have been admissible on an issue of intoxication at the time of the accident, where the plaintiff testified that he had never used intoxicating liquors at any time.

The appellant also contends that the trial court did not abuse its discretion in admitting the evidence of prior convictions. But it is difficult to accept this contention when evidence of prior convictions for speeding in the *Nelson* case were held to be an abuse of discretion. "The discretion here predicated limits the process of probing even into misconduct strictly relevant to veracity-character". 3 *Wigmore, Evidence,* 3d Ed., § 983, p. 557, cited in the *Nelson* case. In the instant case we think the jury may have been persuaded, as was the trial court, that the plaintiff was a "chronic reckless driver" because of his previous record, and that this influenced their verdict as to his conduct on the night of the accident. In the light of the authorities cited, we think the admission of the evidence as to prior convictions was reversible error.

*Judgment reversed, with costs, and new trial awarded.*