CHARLES H. STEFFEY, INC. *v.* HIGH

[No. 168, September Term, 1957.]

 

 

*Decided March 26, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT and HORNEY, JJ., and CARTER, J., Chief
Judge of the Second Judicial Circuit, specially assigned.

*Marvin I. Anderson,* with whom was *Malcolm B. Smith*
on the brief, for the appellant.
The Court declined to hear argument for the appellee.

*Robert E. Coughlan, Jr.,* on the brief for the appellee.

HORNEY, J., delivered the opinion of the Court.

The Circuit Court for Anne Arundel County entered a
judgment for costs in favor of John W. High (High), de-
fendant below, against Charles H. Steffey, Inc., (Steffey,
Inc.), plaintiff below. Steffey, Inc., had sued High for dam-
ages it sustained as the result of an automobile accident. The
jury found a verdict for High. Steffey, Inc., appealed.

John H. Steffey (Steffey), an employee of Steffey, Inc.,
on April 20, 1956, was operating an automobile owned by
his employer in a southerly direction on Ritchie Highway.
High was operating his automobile in a northerly direction
on the same highway. High intended to make a left turn at
the Furnace Branch Road, but when he reached the intersec-
tion the traffic light was green for north and south bound
traffic. He stopped his car in the center section of the high-
way to await a change in the traffic signal to allow him to
turn left and proceed in a westerly direction on Furnace
Branch Road. According to High and his witnesses, when
the traffic light changed to green for east and west bound
traffic, he started across the south bound lane of the high-
way and was struck by the Steffey automobile. According
to Steffey and his witnesses, the south bound light was green
and the west bound light was red at the time of the accident.
Essentially, therefore, the operators disagreed as to which

automobile had been given the right of way by the traffic signal. The jury chose to believe that High had the right to proceed.

Steffey, Inc., contends that the judgment should be reversed because of two allegedly erroneous rulings on the evidence. One ruling concerned the admissibility of the testimony of an employee of the State Roads Commission of Maryland, who explained in detail the operation of the traffic signal at the intersection where the accident occurred. The other ruling concerned the admissibility of parts of the testimony of the police officer who investigated the accident as to the sobriety or intoxication of High.

With regard to the question of the admissibility of the testimony of the employee of the State Roads Commission as to the operation of the traffic signal, it was contended by Steffey, Inc., that such testimony was not only immaterial and irrelevant to the issues in this case, but was, on the contrary, calculated to confuse the jury, and should have been excluded. However, it is well settled that a person who is qualified by study or experience, or both, to understand and explain the subject under consideration, may testify as to the manner in which a certain device or appliance operates. The test of admissibility of such testimony is whether it would probably aid the trier of fact to draw an accurate conclusion or correct inference from the facts already in evidence. If it would not, then the testimony of the expert should not be admitted. But, when the subject is such that a jury or a court would receive appreciable help from the introduction of such testimony, then it is proper to admit it. *Empire State Ins. Co. v. Guerriero,* 193 Md. 506, 514-15, 69 A. 2d 259 (1949); *Langenfelder v. Thompson,* 179 Md. 502, 505, 20 A. 2d 491 (1941); *Consolidated Gas Co. v. State, Use of Smith,* 109 Md. 186, 203, 72 A. 651 (1909).

The traffic signal at the intersection of Ritchie Highway and Furnace Branch Road was what is known as a three phase signal. It controlled traffic in three different directions —one phase controlled traffic in the north and south bound lanes of Ritchie Highway—another phase controlled traffic going east and west on Furnace Branch Road—the remain-

ing, or third phase, controlled traffic making a left turn from the highway into the road. In the case before us the witness explained in detail by oral testimony and manual illustrations how the signal operated in its three phases. The witness did not attempt to explain how the accident happened. He could not, for he had not seen it. Obviously, the only purpose of the testimony was to aid the jury in understanding the operation of the complicated signal at the time of the accident. Since it is proper to permit the introduction of facts whenever the trier of fact could receive appreciable help from such testimony, it follows that the admissibility of such facts as may be offered for that purpose must be left largely to the discretion of the trial court. We hold that there was no error in the admission of the testimony of the witness who was familiar with the operation of the traffic signal at the intersection where the accident occurred.

With regard to the question of the admissibility of the testimony of the police officer as to the sobriety or the degree of intoxication of High, the declaration shows that Steffey, Inc., alleged that High was operating his automobile "while under the influence of intoxicating alcoholic beverages or liquors" at the time of the accident. Furthermore, at the trial, Steffey, Inc., called the police officer as a witness and, on direct examination, elicited testimony to the effect that High had the appearance of a man who had been drinking because he had the usual symptoms of "droopy eyes" and the smell of alcohol on his breath. On cross-examination the officer was allowed to testify that he did not charge High with "drunken driving". And, in reply to a question on re-direct examination, the officer stated that he had charged High with reckless driving. Steffey, Inc., objected to the testimony admitted on cross-examination on the theory that such evidence would cause an inference in the minds of the jury that High was not under the influence of liquor at the time. The evidence was properly admitted. Not only was the soberness or intoxication of High an issue by virtue of the pleadings and evidence produced by Steffey, Inc., but High's credibility as a witness for himself was also an issue. Cf. *Zeller v. Mayson,* 168 Md. 663, 179 A. 179 (1935); *Dorman v. Koontz,* 164 Md. 535,

165 A. 461 (1933); *Mattingly v. Montgomery,* 106 Md. 461, 68 A. 205 (1907); *McLaughlin v. Mencke,* 80 Md. 83, 30 A. 603 (1894).

The judgment for costs should be affirmed.

*Judgment affirmed, the appellant to pay the costs.*