STATE of Maine

v.

Gary CHASE.

Supreme Judicial Court of Maine.

Argued March 12, 1985.

Decided April 1, 1985.

Paul Aranson, Dist. Atty., Laurence Gardner (orally), Asst. Dist. Atty., Portland, for plaintiff.

Richardson, Tyler & Troubh, John S. Whitman (orally), Portland, for defendant.

Before NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

On this appeal we confront a novel issue implicating M.R.Evid. 609, not as to admissibility of evidence of a witness' prior conviction, but as to the comments the presiding justice made on that evidence in the course of a jury trial in Superior Court (Cumberland County).

The Defendant, Gary Chase, appealing from his conviction in that trial of unlawful possession of a Schedule X drug, a Class D

offense under 17–A M.R.S.A. § 1107 (1983), argues that the Superior Court committed several errors during the voir dire of the jury and at the trial which followed. He contends that the impermissible comments on the evidence of his prior conviction prejudiced this jury's impartiality.

On this last issue we agree. We must therefore vacate the judgment of conviction.

In the early morning of October 13, 1979, two officers of the Portland Police Department received a call to investigate a theft from an apartment belonging to a former girlfriend of the Defendant. Upon arriving there, the officers were greeted by both the Defendant and the girlfriend. They requested and received permission to search the apartment. During the search certain items believed to be controlled substances were seized; these included a plastic bag containing small squares of blotter paper of lysergic acid diethylamide ("LSD") found in a jacket belonging to the Defendant. The Defendant was arrested and a chemical analysis later confirmed that the squares were indeed LSD.

The next month the Defendant was charged by a grand jury in a three-count indictment. Following the dismissal of two of the three counts, at the time of the jury trial almost five years later the only charge remaining was unlawful possession of LSD. When the jury convicted the Defendant of that charge, he entered the appeal which is now before us.

Under M.R.Evid. 609 certain prior convictions may be admissible for impeachment purposes.[1] During cross-examination of the Defendant the prosecutor elicited from him the fact that in 1977 he had been convicted of burglary.

At the close of all the evidence the presiding justice instructed the jury in part as follows:

Now, you have heard evidence that Mr. Chase was convicted in 1977 of a burglary conviction, and I must charge you that it is to be considered solely on the question of Mr. Chase's believability—credibility.

You cannot consider the fact that he committed and was convicted of committing a serious crime of burglary, that he is likely to have committed a crime of unlawful possession of a controlled substance.

This is admitted solely on the question of credibility.

The law says that when somebody commits a felony, and a burglary is a serious crime against the public, that that can be, if a jury so concludes, it can be weighed with all of the other factors in the decision as to the degree of believability that you want to ascribe to what this person, having been convicted of a prior felony, is entitled to.

Similarly, when the crime itself, the prior conviction itself involves a crime of dishonesty, as burglary, which involves entry for the purposes of a theft, as it does, that also has a bearing upon the credibility of one's honesty in testifying. But that is the only purpose for which you may consider that prior conviction.

Consistent with his argument in Superior Court, the Defendant argues on appeal that the court's characterizations of his prior burglary conviction as "a serious crime," "a felony," "a serious crime against the public," "a prior felony," and "a crime of dishonesty ... which involves entry for the purpose of a theft" prejudiced the jury against him.

---

1. In language similar, but not identical, to its federal counterpart, M.R.Evid. 609 provides in pertinent part:

   (a) For the purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a determination by the court that the probative value of this evidence outweighs the prejudicial effect to the defendant.

■ In the past we have had occasion to define both the role of the presiding justice in ruling on the admissibility of a defendant's prior conviction and the permissible scope of questioning by the prosecutor relative to that conviction. In one of the first cases to reach us after our Rules were promulgated we emphasized that M.R.Evid. 609(a)(1) requires the presiding justice to balance the probative value of a prior conviction against the prejudicial effect to the defendant in determining whether the former outweighs the latter. *State v. Roy,* 385 A.2d 795, 797 (Me.1978).[2] This threat of prejudice embraces the potential misuse of the evidence in the jury's inferring that the defendant had a predisposition to commit the offense presently charged. Although this threat may be more obvious in situations where the prior conviction is for a crime identical or very similar to the offense presently charged, its shadow over the trial may also be evident whenever the details of the prior conviction are exposed to the jury.

■ In the absence of a record of this "balancing" by the presiding justice[3] we conclude there was no abuse of discretion in his decision to admit evidence of this Defendant's prior conviction. Indeed, in resolving that preliminary question which is a M.R.Evid. 104 determination, it was entirely proper for the justice to weigh the gravity of the earlier offense. Once the fact of conviction was admitted into evidence, however, it was improper for the justice to twice tell the jury what a "serious crime" the Defendant had been convicted of in 1977 and to characterize it for them as a "crime against the public." This jury, after all, is charged with determining the Defendant's guilt or innocence of unlawful possession in 1979. Such comments to this jury on the evidence of the Defendant's 1977 conviction were more than irrelevant; in this trial the comments were unfairly prejudicial and therefore impermissible.

In a leading case relative to use of a prior conviction to impeach a witness' testimony, almost a century ago the Massachusetts court, speaking through Holmes, J., declared:

> [T]he conviction must be left unexplained .... Apart from any technical objection, it is impracticable to introduce what may be a long investigation of a wholly collateral matter into a case to which it is foreign, and it is not to be expected or allowed that the party producing the record should also put in testimony to meet the explanation ready in the mouth of the convicted person. Yet, if one side goes into the matter, the other must be allowed to also.

*Lamoureux v. New York, N.H. & H.R. Co.,* 169 Mass. 338, 340, 47 N.E. 1009 (1897).

It was for such an irrelevance that the U.S. Court of Appeals for the Fifth Circuit found plain and reversible error in a case where, after evidence of prior convictions had been elicited, the prosecutor cross-examined the defendant as to the details of those crimes. *United States v. Tumblin,* 551 F.2d 1001, 1004–05 (5th Cir.1977). In an earlier case the same court had declared that a testifying defendant was required "to give answers only as to whether he had been previously convicted of a felony, as to what the felony was, and as to when the conviction was had." *Tucker v. United States,* 409 F.2d 1291 (5th Cir.1969), *on appeal after remand sub nom. United States v. Woodall,* 438 F.2d 1317 (5th Cir. 1970), *cert. denied* 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971).

We followed the logic of those cases when we announced six years ago:

---

**2.** *See also State v. Brown,* 479 A.2d 1317, 1319 (Me.1984); *State v. Chubbuck,* 406 A.2d 282, 283 (Me.1979); *State v. Gervais,* 394 A.2d 1183, 1186 (Me.1978); *State v. Pinkham,* 383 A.2d 1355, 1357–58 (Me.1978).

**3.** This evaluation by the court is not necessary when the defendant accedes to the use of the prior conviction. *State v. Terrio,* 442 A.2d 537, 542 (Me.1982).

In any event it is only the fact of conviction, and not the details of the offense, which is admissible.

*State v. Carmichael*, 395 A.2d 826, 829 n. 5 (Me.1978); *accord, United States v. Gaertner*, 705 F.2d 210, 217 (7th Cir.1983); *cert. denied* — U.S. ——, 104 S.Ct. 979, 79 L.Ed.2d 216 (1984).

■ The mere fact of conviction is enough to achieve the goal of challenging a witness' credibility. To go further, as was done in the case before us, is to imply quite improperly that this Defendant was a man who perhaps had such a propensity for criminal activity that he probably was guilty of the crime for which he was presently standing trial. The fact of conviction, standing alone, has probative value on credibility. To comment further on that conviction risks fundamental unfairness.

■ If the extenuation by others of an earlier offense is so unfairly prejudicial that it must be excluded from evidence, then even more it is improper for a presiding justice to embellish the bare fact of prior conviction.

In sum:

[T]here is an obvious danger that the jury, despite instructions, will give more heed to the past convictions as evidence that the accused is the kind of man who would commit the crime on charge, or even that he ought to be put away without too much concern with present guilt, than they will to the legitimate bearing of the past convictions on credibility.

*McCormick on Evidence* § 43 at 99 (3d ed. 1984).

■ Notwithstanding that in the case before us the justice told the jury that the Defendant's prior conviction could be considered on the matter of his credibility only, his reiteration of the "seriousness" of the earlier crime enhanced the likelihood that the jury would not so limit itself in considering the 1977 burglary conviction.

4. *See generally* Human, "Evidence Rule 609: A Hot Potato You Can Handle," 13 Me. Bar Bulletin 33 (1979); Jones, "Convicting the Innocent—

The justice's comments on the earlier offense were prejudicial error. It was an error compounded perhaps by the circumstance that the justice had already told this jury that, having heard "almost squarely conflicting testimony," its task was essentially one of deciding which to believe.[4]

Because we must vacate the judgment for that error, it becomes unnecessary for us to consider the remaining issues raised by the Defendant on this appeal.

The entry must be:

Judgment vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

Revisited: A Remedy Afforded by Federal Rule 609," 38 J.Mo.Bar 168 (1982); 3A Wigmore, Evidence (Chadbourn rev.) 980 (1970).