COMMONWEALTH *vs.* CHRISTO IOANNIDES. No. 95-P-1744. July 31, 1996. *Evidence,* Prior conviction. *Practice, Criminal,* Prior conviction, Failure to make objection.

At his trial on two indictments charging receipt of stolen property worth

more than $250 (gold smuggled from a metal refinery), Ioannides proposed to testify in his defense and filed a motion in limine to exclude evidence of a prior conviction of distributing a class B substance. The trial judge considered the motion at an unrecorded lobby conference, a practice that handicaps our review. From the judge's on-record explanation of his ruling toward the end of the trial and from the briefs of the parties, we can piece together what occurred. Defense counsel urged that the judge exercise his discretion to exclude admission of the prior conviction, see *Commonwealth* v. *Maguire*, 392 Mass. 466, 470 (1984), interpreting G. L. c. 233, § 21, because the danger of unfair prejudice would outweigh the usefulness of the evidence as impeaching the credibility of the defendant. The judge decided to meet the defense halfway by allowing the defendant to be asked whether he had been convicted of a felony, without description of the nature of the felony.

From what the record or the briefs disclose, defense counsel did not suggest to the judge at the lobby conference that the judge's cure might be worse than the disease, i.e., that the jury would be left to speculate that the prior felony was similar in kind to that for which the defendant was now standing trial. Such is the attack which counsel now makes on appeal of the Superior Court judge's ruling. If defense counsel thought his client placed at a disadvantage by admission of an unidentified felony conviction, he was bound to make that objection known to the judge or could have had his client identify the nature of the prior conviction when he took the stand. The defense cannot in effect acquiesce in the judge's ruling on introducing the prior conviction without identifying it as the lesser evil and then attack it on appeal. See *Commonwealth* v. *Young*, 401 Mass. 390, 404 (1987); *Commonwealth* v. *Stovall*, 22 Mass. App. Ct. 737, 738 (1986); Smith, Criminal Practice & Procedure § 1779 (2d ed. 1983). The only objection of record by defense counsel was to the admission of the prior conviction in any form.

Although we affirm the judgment because the point of objection was not properly preserved, the practice of papering over the nature of the prior conviction is not a salutary one. When the prior conviction is for a crime the same as, or closely resembling the offense being tried, admission of evidence of the prior offense may have unfair prejudicial effect because of the danger of a jury inferring that the defendant has a predisposition to that sort of crime. *Commonwealth* v. *Maguire*, 392 Mass. at 469. *Commonwealth* v. *Whitman*, 416 Mass. 90, 93 (1993). Conversely, if the prior crime is of a quite different sort, admission of a prior conviction is more likely to be limited in effect to the issue of credibility, and a judge acts within the bounds of discretion in receiving evidence of a prior conviction for that purpose. See *Commonwealth* v. *Kowalski*, 33 Mass. App. Ct. 49, 50 (1992). Here, the prior crime was a drug offense, not one which would have been unfairly prejudicial, in the context of G. L. c. 233, § 21, in a trial of indictments of receiving stolen property. The judge would have acted well within his discretion in allowing introduction of the prior conviction.

Masking the nature of the prior offense, as we have suggested, is more likely to affect the defendant unfairly than receipt in evidence of the unvarnished conviction. Having said that, if a defendant were to move expressly that the nature of the prior conviction be blocked out when used

by the prosecution to impeach, so ordering would be within the discretion of the trial judge. In the absence of a request of that kind, we think a judge, with rare exceptions, should decide whether to admit the prior conviction described as to its nature or to exclude it in its entirety.[1] The solution devised in the instant case was an error, but not a consequential one, because of the defendant's failure to make or preserve the point. There is no substantial risk of a miscarriage of justice, *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967), as the case against the defendant was a powerful one.

*Judgment affirmed.*

The case was submitted on briefs.

*Dana A. Curhan* for the defendant.

*Paul F. Walsh, Jr.,* District Attorney, *& Kevin Connelly,* Assistant District Attorney, for the Commonwealth.


---

[1]Courts in other jurisdictions, operating on the basis of varying statutes and rules, have resolved the issue in varying fashion. Some courts have prohibited, or disapproved of, the identification of the prior offense, see, e.g., *United States* v. *Powell,* 50 F.3d 94, 102 (1st Cir. 1995); *Commonwealth* v. *Richardson,* 674 S.W.2d 515, 518 (Ky. 1984); *State* v. *Olson,* 231 Neb. 214, 222-223 (1989); *McAmis* v. *Commonwealth,* 225 Va. 419, 422 (1983), while others have concluded that the nature of the offense may, or should, be revealed. See, e.g., *United States* v. *Guerue,* 875 F.2d 189, 190 (8th Cir. 1989); *State* v. *Chase,* 490 A.2d 208 (Me. 1985); *Acevedo* v. *State,* 467 So. 2d 220, 225-226 (Miss. 1985); *State* v. *Williams,* 656 P.2d 450, 453 (Utah 1982); and *Bradley* v. *State,* 635 P.2d 1161, 1163 n.3 (Wyo. 1981).