759 A.2d 1149

**Jesse E. BELLS**

v.

**STATE of Maryland.**

**No. 1646, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

Sept. 28, 2000.

**300**

Mary J. Pizzo, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Diane E. Keller, Asst. Atty. Gen. and Jason F. Trumpbour, Staff Atty. (J. Joseph Curran, Jr., Atty. Gen. and Patricia

Jessamy, State's Atty., Baltimore City, on the brief), Baltimore, for appellee.

Argued before SALMON, SONNER and THEODORE G. BLOOM (retired, specially assigned), JJ.

SONNER, Judge.

Jesse E. Bells appeals from the judgment of the Circuit Court for Baltimore City that followed his third conviction for controlled dangerous substance offenses.[1] He asks this Court to reverse his conviction on the ground that, at his trial, the court below permitted the prosecutor to impeach his testimony on cross-examination with his prior conviction record in a manner that unfairly prejudiced him. Although Bells succeeded in having the court exclude any reference to the particular drug-related convictions, he maintains that the court nevertheless erred by permitting the prosecutor to ask him if he had been convicted of two felonies. While he concedes that this procedure avoids the problem of impeaching with his similar or identical offenses, Bells argues that it nevertheless left the jurors free to speculate as to whether the crimes were similar to the crime for which he was on trial, or were so horrible that they were not permitted to hear what it was. We agree that allowing the prosecutor to cross-examine in that manner was error, and reverse.

Appellant was convicted by a jury of possession of cocaine and possession of cocaine with intent to distribute. The court merged the convictions and sentenced Bells to fifteen years' incarceration. On appeal, Bells now asks this Court to review three issues, which we have rephrased:

I.     Did the trial court abuse its discretion in allowing the State to impeach Bells with a "sanitized" prior conviction record?

---

1. Appellant is sometimes incorrectly referred to in the record as Jesse Bell.

II.  Did the trial court err in making statements indicating that Bells had the burden to show what he intended to prove?

III.  Did the trial court err in refusing to allow defense counsel the opportunity to question the police officer about his knowledge of police training General Orders?

We answer the first question in the affirmative and reverse the judgment of the lower court. Consequently, we do not address appellant's other issues.

The State presented evidence to show that, on the morning of October 28, 1998, Baltimore City Police Officer William Harris was driving on Milton Avenue in Baltimore City with Officer Chris Timms,[2] when they saw Bells bend down and retrieve a brown paper bag from under the steps of a house. The officers testified that when Bells saw them, he threw the bag back underneath the steps and started to walk away. Officer Harris testified that the only other person on the street was a woman standing on a corner approximately twenty feet from Bells.

The officers stopped Bells and Officer Harris retrieved the brown paper bag, in which there were three plastic bags holding a total of fifty pink-top vials containing what was later determined to be cocaine. They arrested Bells and searched him, but no money was recovered from him. After transporting him to Central Booking, they searched him again and found two pink-top vials in his left sock containing what was later determined to be cocaine.

Bells took the stand on his own behalf at trial and admitted to possession of the cocaine found in his sock. He admitted that he has used drugs for seventeen years and has asked for, but never received, help for drug addiction. He stated that he purchased the cocaine found in his sock just before he was arrested and paid $5 for each vial. Bells further stated that

---

2.  Officer Harris testified that the vehicle was unmarked; Officer Timms testified that it was a marked vehicle.

he was not dealing drugs that day and that the drugs recovered under the steps were not his; however, if he had them, he "would have done every last one of them."

Bells had a criminal record—a misdemeanor theft conviction from 1995, and two convictions (in 1991 and 1997) for possession with intent to distribute controlled dangerous substances.[3] During a pretrial hearing, defense counsel conceded that the prior theft conviction could be used to impeach Bells, but argued that Bells's prior drug convictions should not be admissible to impeach his credibility. The trial court agreed because, "I just don't think it's fair to be tried on a CDS count and have a CDS count come in as an impeachable." The Assistant State's Attorney asked for a "compromised ruling" that the prior drug convictions be permitted to impeach Bells without permitting disclosure of the specific offense, a procedure used in some other jurisdictions and referred to as "sanitization." Defense counsel argued that Bells was already going to be impeached by his theft conviction and that "the prejudice is worse with the sanitization than it was with the possession with the intent," because the jury might speculate that Bells had been convicted of a more serious felony, such as murder or rape. After hearing argument, the trial court permitted the State to impeach Bells using the prior theft conviction, as well as a sanitized version of the drug convictions. The exchange between the prosecutor and Bells went as follows:

[Assistant State's Attorney]: Mr. Bells, in addition to the 1995 theft conviction, you were also convicted in 1991 and 1997 of felony offenses; isn't that correct?

A. Yes, sir.

During the court's instructions to the jury, the court gave the following limiting instruction:

You've heard evidence that the defendant has been convicted of a crime. You may consider this evidence in deciding

---

3. It is unclear whether the theft conviction occurred in 1995 or 1996 and whether the second drug conviction occurred in 1997 or 1998.

whether the defendant is telling the truth, but for no other purpose. You must not use the conviction as any evidence that the defendant committed the crimes charged in this case.

After the court's instructions, the State gave its closing argument and again mentioned Bells's prior felony convictions:

The judge asked you to use your common sense. The judge asked you to judge the credibility of the witnesses. Why would someone have a reason to lie? Why would someone not have a reason to lie? *The person that has the reason not to tell the truth is the defendant, convicted of theft, convicted twice of felony charges, all within the last nine years.* We have his testimony versus the testimony of two officers. . . .

(Emphasis added.)

Maryland has not squarely faced the issue of whether using a sanitized prior conviction for impeachment purposes complies with our law and rules.[4] Although a rule permitting a sanitized use of similar convictions has some appeal, we are disinclined to graft such an extension onto the existing rule. Here, the court properly found that, in this case, the use of the prior convictions would in balance be more prejudicial than probative. We do not believe that the sanitized version was any less so. As we shall explain, we hold that the lower court erred in permitting sanitized prior convictions to impeach Bells.

We begin our analysis by recognizing, as the Court of Appeals did in *Ricketts v. State,* 291 Md. 701, 703, 436 A.2d 906 (1981),

---

**4.** The Court of Appeals recognized that some courts allow sanitized prior convictions to attack credibility, *Jackson v. State,* 340 Md. 705, 714 n. 5, 668 A.2d 8 (1995)("To minimize some of the negative effects of impeachment through use of prior convictions, several courts have allowed the use of the prior conviction to attack credibility without permitting disclosure of the specific offense, a procedure sometimes referred to as 'sanitization.' ").

that in our system of criminal justice every defendant has the right to testify in his own defense. Equally fundamental to the system is the right of the State to cross-examine such defendant and impeach him, if it can, as to the truthfulness of his testimony. The evidentiary tool the State customarily uses to attack the defendant's credibility is evidence of his prior convictions. The only details ordinarily allowed to be presented to the jury are the nature of the charge and the fact of conviction. *The purpose in admitting such evidence is to assist the factfinder in measuring the credibility of the defendant.*

The danger in admitting prior convictions as evidence to impeach the defendant stems from the risk of prejudice. *The jury may improperly infer that the defendant has a history of criminal activity and therefore is not entitled to a favorable verdict. Such evidence may detract from careful attention to the facts, despite instructions from the Court, influencing the jury to conclude that if the defendant is wrongfully found guilty no real harm is done.* Where the crime for which the defendant is on trial is identical or similar to the crime for which he has been previously convicted the danger is greater, as the jury may conclude that because he did it *before* he most likely has done it *again.* The net effect of such evidence is often to discourage the defendant from taking the stand.

Thus, the role of the trial judge takes on added importance. *It becomes his function to admit only those prior convictions which will assist the jury in assessing the credibility of the defendant.*

(Emphasis added.)

██  Maryland Rule 5–609 governs the admissibility of prior convictions for impeachment purposes and states, in pertinent part:

(a) **Generally.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness, but only if (1) the crime was an infamous crime or

other crime relevant to the witness's credibility and (2) the court determines that the probative value of admitting this evidence outweighs the danger of unfair prejudice to the witness or the objecting party.

(b) **Time limit.** Evidence of a conviction is not admissible under this Rule if a period of more than 15 years has elapsed since the date of the conviction.

(c) **Other limitations.** Evidence of a conviction otherwise admissible under section (a) of this Rule shall be excluded if:

(1) the conviction has been reversed or vacated;

(2) the conviction has been the subject of a pardon; or

(3) an appeal or application for leave to appeal from the judgment of conviction is pending, or the time for noting an appeal or filing an application for leave to appeal has not expired.

Md. Rule 5–609 (2000). The purpose of this rule is

to prevent a jury from convicting a defendant based on his past criminal record, or because the jury thinks the defendant is a bad person. The Rule therefore imposes limitations on the use of past convictions in an effort to discriminate between the informative use of past convictions to test credibility, and the pretextual use of past convictions where the convictions are not probative of credibility but instead merely create a negative impression of the defendant.

*Jackson v. State*, 340 Md. 705, 715–16, 668 A.2d 8 (1995) (citations omitted). Although the plain language of the rule does not explicitly prohibit the use of sanitized prior convictions, Maryland courts have consistently emphasized the importance of admitting evidence of a prior conviction only when that evidence is helpful to the fact finder in determining a witness's credibility. We do not find that informing a jury that a defendant has prior felony convictions presents "informative use of past convictions to test credibility," but, rather, "merely create[s] a negative impression of the defendant." *Id.*

Even before the rule was enacted in 1991,[5] as early as 1915, in *Simond v. State*, 127 Md. 29, 39, 95 A. 1073 (1915), the

---

5. The rule was originally enacted as Rule 1–502 and became effective January 1, 1992. *State v. Giddens*, 335 Md. 205, 215, 642 A.2d 870

Court of Appeals recognized the importance of distinguishing between prior convictions that reflect upon a witness's credibility and those that do not:

> Although this Court said in *Smith v. State*, 64 Md. 25 [20 A. 1026], that a witness could be asked whether he had ever been confined in jail, and in *McLaughlin v. Mencke*, 80 Md. 83 [30 A. 603], whether he had been in jail and for what, it would be certainly carrying the rule to its limit to ask a witness if he had been arrested ten years before for being drunk and sent to jail. The object of such testimony is to reflect upon the credibility of the witness....

In 1927, the Court of Appeals held that not every conviction, such as a conviction for driving without a license, affects a witness's credibility and, if it does not, evidence of the prior conviction is irrelevant and should not be admitted. *Nelson v. Seiler*, 154 Md. 63, 68–69, 139 A. 564 (1927)("[prior] convictions should be of infringements of the law that may have some tendency to impeach credibility, and not all infringements do."). In 1931, the Court of Appeals discussed the purpose of impeachment through prior convictions in *Burgess v. State*, 161 Md. 162, 172–73, 155 A. 153 (1931):

> The issue always is the truth of the witness'[s] testimony.... Certainly if it be shown that a witness had previously been convicted of perjury, it would materially discredit, if not entirely destroy, the value of his testimony. Conviction of many other crimes could properly have the same effect; while, on the other hand, there may be convictions of violations of hundreds of police regulations, which in no real or true sense can be taken as tending to make one so convicted unworthy of belief.... We do hold ... that every conviction does not affect the witness'[s] credibility; and if it does not, evidence of such conviction is irrelevant and not admissible.

---

(1994). Rule 5–609 and former Rule 1–502 are "virtually the same." *Jackson*, 340 Md. at 712 n. 4, 668 A.2d 8.

By 1981, in *Ricketts v. State*, 291 Md. at 708, 436 A.2d 906, after stating that prior convictions "must tend to show that the person charged is not to be believed under oath" in order to be admissible, the Court of Appeals held that "ill-defined" prior convictions were inadmissible to impeach the defendant.

*If the crime is so ill-defined that it causes the fact finder to speculate as to what conduct is impacting on the defendant's credibility, it should be excluded.* Stated differently, since the issue is always the truth of the witness, where there is no way to determine whether a crime affects the defendant's testimony simply by the name of the crime that crime should be inadmissible for purposes of impeachment. It is clear to us that the introduction of a prior conviction for indecent exposure sheds no light on what it is the defendant has done and hence it is beyond the ken of any factfinder to assess what, if any, impact such conviction has upon the defendant's veracity.

\* \* \*

... [T]he fact-finder would be unable to make a reasoned judgment as to whether the offense affects the defendant's credibility.

*Ricketts*, 291 Md. at 713, 436 A.2d 906 (emphasis added.)

In *State v. Giddens*, 335 Md. at 217, 642 A.2d 870, the Court of Appeals distinguished *Ricketts* and held that a prior conviction for cocaine distribution is relevant to credibility and may be used for impeachment purposes as long as the other conditions in Maryland Rule 5–609 are met. Giddens, who was charged with assault, took the stand in his own defense and was impeached with a prior conviction for distribution of cocaine. *Id.* at 208–09, 642 A.2d 870. This Court reversed the conviction, holding that a prior conviction for the distribution of cocaine was not relevant to credibility. *Id.* at 210–11, 642 A.2d 870. However, the Court of Appeals reversed, explaining:

[t]he crime of cocaine distribution is not so "ill-defined" that a jury would have difficulty determining the precise nature

of the offense.   The offense is unlike that involved in *Ricketts*.   . . . Concededly, it may be difficult to determine what a defendant convicted of "indecent exposure" may have done; *distribution of cocaine, however, has a well understood meaning within the community and the name of the crime permits the fact finder to assess what, if any, impact such conviction has upon a witness's veracity.*

*Id.* at 218–19, 642 A.2d 870 (emphasis added).

A sanitized prior conviction is not merely "ill-defined," but totally undefined.   A jury would be completely unable to assess what, if any, impact a "prior felony conviction" has upon a witness's veracity.   The fact finder is able only to speculate about the prior conviction, therefore jeopardizing the purpose of Rule 5–609, which seeks to "prevent a jury from convicting a defendant based on his past criminal record, or because the jury thinks the defendant is a bad person." *Jackson*, 340 Md. at 715, 668 A.2d 8.   Admitting sanitized prior felony convictions into evidence would render meaningless Maryland's long line of cases emphasizing the importance of admitting only those prior convictions that assist the fact finder in measuring a witness's credibility and veracity.   Such a rule would contravene the policy underlying the *Ricketts* decision by discouraging defendants from taking the stand, as the Court of Appeals stated in *Ricketts*, 291 Md. at 703, 436 A.2d 906.

In this case, Bells's credibility was critical to his defense.   He admitted to possessing the cocaine found in his sock, but denied that the drugs recovered under the steps were his.   If the jury believed Bells, it would acquit him of a greater offense of possession with intent to distribute.   If it believed Officers Harris and Timms, it was likely to convict him of that offense.   The State's closing argument emphasized Bells's prior theft conviction and two prior felony convictions in order to convince the jury that Bells's testimony was not credible.   Bells did not "open the door" to his prior felony drug convictions, nor did he present himself to the jury as someone of "stellar character." *Compare Jackson*, 340 Md. at

722, 668 A.2d 8 ("It would be patently unfair to permit the Appellant to present this 'stellar' picture to the jury but to preclude the State from presenting evidence which would contradict this image."). Instead, Bells admitted being a long-time drug addict and had already been impeached with his prior theft conviction.

The prejudicial effect of admitting the sanitized prior convictions, although impossible for us to calculate, could have been significant. *Ricketts,* 291 Md. at 714, 436 A.2d 906 ("[W]here the defendant was on trial for sex related offenses, the prejudicial effect of [admitting his prior conviction for indecent exposure], though impossible to gauge, could have been significant and, therefore, constitutes reversible error."). Therefore, we reverse the judgment below and remand for a new trial.

■ We recognize that we are in the minority of jurisdictions in holding that sanitized prior convictions are improper for impeachment. *See People v. Kunze,* 193 Ill.App.3d 708, 732–36, 140 Ill.Dec. 648, 550 N.E.2d 284 (1990) (Steigmann, J., concurring) (citing Florida, Idaho, Kentucky, Montana, Nevada, New Mexico, Washington, Nebraska, and Wisconsin as allowing the "mere fact" of a prior felony conviction to be admissible; Michigan as the only State prohibiting sanitized convictions; and Alaska, Connecticut, Oregon, and South Dakota as leaving the issue to the trial court's discretion). We agree with the Supreme Court of Michigan, however, that

> [i]t is improper to impeach a defendant by telling the jury only of the existence of unnamed prior felony convictions, without providing the names of the offenses. *It is the nature, rather than the fact, of a prior felony conviction which the jury is to use in its evaluation of credibility.*

*People v. Van Dorsten,* 409 Mich. 942, 298 N.W.2d 421 (1980); *see also Commonwealth v. Ioannides,* 41 Mass.App.Ct. 904, 905–06, 668 N.E.2d 845 (1996) ("Masking the nature of the prior offense . . . is more likely to affect the defendant unfairly than receipt in evidence of the unvarnished conviction. . . . [A] judge . . . should decide whether to admit the prior

conviction described as to its nature or to exclude it in its entirety.")

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.**

**COSTS TO BE PAID BY THE MAYOR & CITY COUNCIL OF BALTIMORE.**