768 A.2d 89

**Howard HOPKINS**

v.

**STATE of Maryland.**

**No. 661, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

March 5, 2001.

202

Julia Doyle Bernhardt, Asst. Public Defender (Stephen E. Harris, Public Defender on the brief), Baltimore, for appellant.

Diane E. Keller, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Patricia Jessamy, State's Atty. for Baltimore City on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and DAVIS and MARVIN H. SMITH (Retired, Specially Assigned), JJ.

MURPHY, Chief Judge.

In the Circuit Court for Baltimore City, a jury convicted Howard Hopkins, appellant, of second-degree assault. Appellant concedes that the State's evidence was sufficient to prove that he committed this offense upon the twelve-year-old daughter of his former girlfriend, but he argues that he is entitled to a new trial because

   I.   THE TRIAL COURT ERRED IN ADMITTING [DURING APPELLANT'S CROSS EXAMINATION] A CHILD ABUSE CONVICTION FOR PURPOSES OF IMPEACHMENT.

   II.  THE TRIAL COURT ERRED IN ADMITTING A PRIOR STATEMENT BY [APPELLANT'S FORMER GIRLFRIEND].

For the reasons that follow, we conclude that the crime of child abuse is inadmissible for purposes of impeachment. We shall therefore vacate the judgment of conviction and remand for a new trial.

## I.

The State presented evidence that appellant assaulted the victim on March 18, 2000, and assaulted the victim's mother on

the following day.[1]  Appellant testified that he did not do so. His trial counsel requested a pretrial *in limine* ruling that would prohibit the prosecutor from questioning appellant about his December 23, 1988 conviction for ("physical") child abuse.  That motion was denied.  Before appellant testified at trial, his trial counsel requested to "revisit" this issue, but the trial judge declined to do so, explaining that, "[t]he issue on appeal will rise or fall on [the motions hearing judge's] decision."  The following transpired at the conclusion of appellant's cross-examination:

> [THE PROSECUTOR]:  ... [S]ince you've been over the age of 18 years of age or since you have been an adult within the last 15 years, and you were either represented by an attorney or chose to represent yourself, have you ever been found guilty of a crime that would reflect upon your honesty such as theft, unauthorized use, false statement, or any major felonies, such as robbery, rape, or murder?
>
> [APPELLANT]: Yes.
>
> * * *
>
> [THE PROSECUTOR]: Isn't it true, sir, that in 1998, specifically September 23, 1998, you were found guilty of child abuse, is that correct, sir?
>
> [APPELLANT]: Yes.
>
> * * *
>
> [THE PROSECUTOR]: Excuse me, 1988.  I apologize for that.  Your Honor, at this time the State would motion to [sic] move into evidence as State's Exhibit No. 3, a true test copy of the [appellant's] conviction of child abuse, Your Honor.

---

1. Two assault charges were submitted to the jury: (1) the March 18, 2000 assault that is at issue in this appeal, and (2) a March 19, 2000 assault upon appellant's former girlfriend.  The jurors were unable to reach a unanimous verdict on the issue of whether appellant assaulted his former girlfriend.

■ Because appellant's trial counsel did not object to those questions, the State argues that appellant's "improper impeachment" argument has not been preserved for our review. We disagree.[2] The record clearly shows that the defense did not acquiesce in the *in limine* ruling and, having raised the issue once again at an appropriate point during the trial, appellant's counsel was not required to interpose an objection at the precise instant that the improper question was asked. *Watson v. State*, 311 Md. 370, 372–73 n. 1, 535 A.2d 455 (1988).

■ It is well settled that Maryland Rule 5–609 requires that the trial court apply a three-part test to determine whether a prior conviction is admissible for the limited purpose of impeachment.[3] The first step in that process presents a question of law: whether the crime under consideration is either "an infamous crime or other crime relevant to the witness's credibility." In making this determination, the court

---

2. The failure to object would have operated as a waiver with respect to the issues of whether (1) the prosecutor's first impeachment by conviction question was improper as to form, and (2) State's exhibit 3 should have been received into evidence after appellant admitted that he had been convicted. We are persuaded, however, that appellant was not required to preserve either of these issues in order to argue for a new trial on the ground that he should not have been questioned about the fact that he was convicted of child abuse.

3. Md. Rule 5–609 provides:
   (a) Generally. For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during examination of the witness, but only if (1) the crime was an infamous crime or other crime relevant to the witness's credibility and (2) the court determines that the probative value of admitting this evidence outweighs the danger of unfair prejudice to the witness or the objecting party.
   (b) Time limit. Evidence of a conviction is not admissible under this Rule if a period of more than 15 years has elapsed since the date of the conviction.
   (c) Other limitations. Evidence of a conviction otherwise admissible under section (a) of this Rule shall be excluded if:
      (1) the conviction has been reversed or vacated;
      (2) the conviction has been the subject of a pardon; or
      (3) an appeal or application for leave to appeal from the judgment of conviction is pending, or the time for noting an appeal or filing an application for leave to appeal has not expired.

must limit its focus to "the name of the crime." *Ricketts v. State*, 291 Md. 701, 713, 436 A.2d 906 (1981). "A trial court should never conduct a mini-trial by examining the circumstances underlying the prior conviction." *State v. Giddens*, 335 Md. 205, 222, 642 A.2d 870 (1994).

■ Convictions for certain non-infamous crimes are excluded because they simply "do not bear on the witness' credibility." *Morales v. State*, 325 Md. 330, 339, 600 A.2d 851 (1992); *see also Fulp v. State*, 130 Md.App. 157, 166–67, 745 A.2d 438 (2000). Convictions for non-infamous crimes that *might* be relevant to a witness's credibility must also be excluded if the particular crime is "defined in a way that would cause the factfinder to speculate as to what conduct is impacting on the [witness's] credibility." *Ricketts, supra*, 291 Md. at 713, 436 A.2d 906.

■ In Maryland, child abuse is a statutory felony proscribed by Maryland Code, Art. 27, § 35C (2000 Cum.Supp.).[4] The State argues that, although "[p]hysical child abuse may sometimes result from an outburst of temper," and although "the offense of child abuse as defined by Section 35C and Maryland case law encompasses various forms of misconduct,

---

(d) Effect of plea of nolo contendere. For purposes of this Rule, "conviction" includes a plea of nolo contendere followed by a sentence, whether or not the sentence is suspended.

**4.** Md. Ann.Code art. 27, § 35C (2000) states:

§ 35C. Causing abuse to child

(a) Definitions.—

(1) In this section the following words have the meanings indicated.

(2) "Abuse" means:

(i) The sustaining of physical injury by a child as a result of cruel or inhumane treatment or as a result of a malicious act by any parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child, or by any household or family member, under circumstances that indicate that the child's health or welfare is harmed or threatened thereby; or

(ii) Sexual abuse of a child, whether physical injuries are sustained or not.

(3) "Child" means any individual under the age of 18 years.

(4) "Family member" means a relative of a child by blood, adoption, or marriage.

virtually all of the misconduct is of a type having a tendency to establish that the witness lacks veracity." For purposes of impeachment, however, "since the issue is always the truth of the witness, where there is no way to determine whether a crime affects the defendant's testimony simply by the name of the crime that crime should be inadmissible for purposes of impeachment." *Ricketts, supra,* 291 Md. at 713, 436 A.2d 906. *See also Bells v. State,* 134 Md.App. 299, 759 A.2d 1149 (2000), in which this Court concluded that *Ricketts* prohibited impeachment by "sanitized" prior convictions:

> Admitting sanitized prior felony convictions into evidence would render meaningless Maryland's long line of cases emphasizing the importance of admitting only those prior convictions that assist the fact finder in measuring a witness's credibility and veracity.

*Id.* at 309, 759 A.2d 1149. Proof that a person has been convicted of child abuse does not assist the fact finder in weighing that person's veracity.

Proof of appellant's child abuse conviction also created the kind of potential for unfair prejudice found in *State v. Watson,*

---

(5) "Household member" means a person who lives with or is a regular presence in a home of a child at the time of the alleged abuse.

(6) (i) "Sexual abuse" means any act that involves sexual molestation or exploitation of a child by a parent or other person who has permanent or temporary care or custody or responsibility for supervision of a child, or by any household or family member.

(ii) "Sexual abuse" includes, but is not limited to:

1. Incest, rape, or sexual offense in any degree;
2. Sodomy; and
3. Unnatural or perverted sexual practices.

(b) Violation constitutes felony; penalty; sentencing.—

(1) A parent or other person who has permanent or temporary care or custody or responsibility for the supervision of a child or a household or family member who causes abuse to the child is guilty of a felony and on conviction is subject to imprisonment in the penitentiary for not more than 15 years.

(2) If the violation results in the death of the victim, the person is guilty of a felony and upon conviction is subject to imprisonment for not more than 30 years.

(3) The sentence imposed under this section may be imposed separate from and consecutive to or concurrent with a sentence for any offense based upon the act or acts establishing the abuse.

321 Md. 47, 580 A.2d 1067 (1990). In that case, the Court of Appeals agreed with this Court that a murder defendant was entitled to a new trial because the trial court should not have permitted the prosecutor to ask the defendant's character witnesses whether they were aware that the defendant had been convicted of "second-degree rape." Although the defendant had been convicted of that offense, the conviction was based on consensual sexual intercourse between the defendant and a thirteen-year-old girl. The Court of Appeals held that, under these circumstances, appellant's second-degree rape conviction "was irrelevant to [the defendant's] character witnesses' opinions of his character for peacefulness and nonviolence." *Id.* at 59, 580 A.2d 1067. As was the situation in *Watson,* appellant was unfairly prejudiced by evidence that he had committed a crime that was irrelevant to the issue for which it was introduced. We are persuaded that, because the trial judge erred in permitting the State to question appellant about his 1988 conviction for child abuse, appellant is entitled to a new trial.

## II.

Appellant also argues that he was unfairly prejudiced when, during the direct examination of his former girlfriend, the State introduced into evidence a prior (consistent) written statement that she had given to an investigating officer. As a general rule, "anticipatory rehabilitation" evidence should not be introduced during the witness's direct examination. In this case, however, the prosecutor's opening statement included the following comments:

Now this case isn't perfect and I'm going to tell you why it's not perfect. Subsequently, a week or so later the [appellant] and [the victim's mother] visit [sic] a social worker, Ms. Edges; she's here to testify. And during this discussion with Ms. Edges the Defense is going to bring out that [the victim's mother] tells Ms. Edges, oh, no, I lied; none of this happened; I made it all up. But she tells Ms. Edges she's lying, why? The [appellant] is sitting right next to her.

Appellant's trial counsel did not object to those comments, and delivered an opening statement in which he characterized Ms. Edges as "an independent witness ... who has no emotional connection to this case," and previewed her testimony as follows:

> [S]he's going to take the stand and she's going to tell you that on March 28th, ... that [the victim's mother] and [appellant] were together and that they came to her office together; they came and they sat down, and they spoke with her, and yes, [appellant] did bring up the charges against him, and that [the victim's mother] did admit at that time that she had lied to the police; that she had made up these charges ... And you'll get a full sense of how that meeting occurred with Ms. Edges.

■ Under these circumstances, the trial court neither erred nor abused its discretion in admitting the witness's prior consistent statement during her direct examination.

During the retrial of this case, if the opening statement of appellant's trial counsel predicts that jurors will receive evidence that would-when presented—"open the door" to the introduction of the witness's prior consistent statement, the trial judge would have discretion under Md. Rule 5–611(a) [5] to admit that statement during the witness's direct examination, *provided that* the trial judge finds that the statement "detracts from the [witness's] impeachment" and is therefore admissible under Md. Rule 5–616(c)(2). [6]

---

**5.** Md. Rule 5–611 authorizes the trial judge to exercise discretion over the order in which and the methods by which evidence is presented. Section (a) of this Rule provides:

> (a) Control by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

**6.** Md. Rule 5–616(c) provides that a witness whose credibility has been attacked may be rehabilitated by:

JUDGMENT VACATED; CASE REMANDED FOR A NEW TRIAL; COSTS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.

---

(2) Except as provided by statute, evidence of the witness's prior statements that are consistent with the witness's present testimony, when their having been made detracts from the impeachment[.]