Following a jury trial, the defendant, Salvatore Bilodeau, was convicted of two counts of rape. On appeal, among other issues, the defendant challenges the trial judge's partial allowance of the Commonwealth's motion to introduce his prior conviction for impeachment purposes. Because we conclude that the judge's ruling constituted prejudicial error, we reverse the judgments and set aside the verdicts.
Facts.[2] The victim and the defendant met on an online dating Web site, and after communicating by telephone and text for some time, agreed to meet at the defendant's house for a first date. The two drove to pick up dinner and brought it back to the defendant's bedroom to eat. After they finished dinner, the defendant attempted to pull the victim on top of him, and she resisted. She then went to her car, saying she wanted to retrieve her anxiety medication. The defendant followed her as she retrieved her medicine and the two then returned to the defendant's room. The defendant pulled the victim onto the bed and raped her vaginally and anally as she protested. She then left and returned to her home.
The victim first disclosed the assault approximately one month later to her ex-boyfriend, by a brief text which was followed by a telephone call.
Discussion. Prior to trial, the Commonwealth sought a ruling that if the defendant were to testify at trial, he could be impeached with his prior conviction of indecent assault and battery. The defendant objected, and filed a corresponding motion to exclude. After argument, the judge ultimately ruled, at the suggestion of the Commonwealth, that the Commonwealth could impeach the defendant by introducing evidence simply that he was convicted of a felony, without noting the specific charge. The defendant argues that this ruling requires reversal.
The Commonwealth properly concedes that the judge's ruling was erroneous. We have disapproved of the practice of "papering over" the nature of prior convictions used to impeach a defendant. Commonwealth v. Ioannides, 41 Mass. App. Ct. 904, 905 (1996). In the absence of the express request of a defendant that the nature of the conviction be omitted, "a judge, with rare exceptions, should decide whether to admit the prior conviction described as to its nature or to exclude it in its entirety." Id. at 906. Here, the defendant did not so request, and the Commonwealth suggests no exception which compelled the masking of the defendant's prior conviction rather than its exclusion or admittance in full.
The defendant's objection was properly preserved, as it was renewed during trial after the close of the Commonwealth's evidence. See Commonwealth v. Crouse, 447 Mass. 558, 564 (2006). The defendant did not testify at trial but that does not preclude his challenge. Commonwealth v. Little, 453 Mass. 766, 773 (2009). Accordingly, we review to determine whether the error was prejudicial.
The case is close in that the defendant did not make an offer of proof as to the content of his testimony, and how that testimony would have aided his defense. While not automatically fatal, this failure may be construed against him on the issue of prejudice. Id. at 775 n.8. Nor has the defendant insisted that he would have testified in the absence of the ruling at issue.
Still, in a case charging a sexual assault in which the Commonwealth's case relied solely on the credibility of the victim, the admission of a felony for impeachment purposes "effectively prevented [the defendant] from [testifying]" where his "ability to testify in his own defense might have had a significant effect on the outcome of the trial." Id. at 775. In these circumstances, we cannot say the judge's error was not prejudicial, therefore we reverse.
We turn now to the defendant's argument as to first complaint, as that issue may arise on retrial. Contrary to the defendant's assertions, we see no merit to the defendant's claim that the judge abused her discretion in admitting the victim's telephone conversation with her ex-boyfriend disclosing the rape. The evidence of the telephone conversation in conjunction with the text message that preceded it did not, as the defendant argues, constitute multiple complaint evidence in violation of the first complaint doctrine. The text message and telephone call were properly admitted, as they qualified together as a "single, tightly intertwined oral and written communication." Commonwealth v. Revells, 78 Mass. App. Ct. 492, 496 (2010).[3]
Conclusion. We reverse the judgments and set aside the jury verdicts.
So ordered.
Reversed.

The jury could have found the following facts at trial.

Finally, we need not address the defendant's argument concerning the trial judge's failure to give a contemporaneous limiting instruction on the use of first complaint testimony, as it is unlikely to arise on retrial.